Parker, C. J.
The first question to be decided in this case is, *314 whether Dillingham was rightly rejected as a witness at the trial. For, if he ought then to have been admitted, it is obvious that the other objection would be superseded.
The Court which made that decision was competent to make it definitively ; but, as there was no opportunity to consult [*360] books at the place where the trial was bad, it is proper * to reexamine the question, so far as may be necessary to settle the point now immediately before us. And we are satisfied, that the decision was right in principle, as well as conformable to the practice in this State on the rules of evidence.
It seems, that, by the common law, an executor, who is not residu ary legatee, and has no beneficial interest in the" estate, may be a witness to prove the execution of the will and the sanity of the testator ; being considered a mere trustee and nominal party, having no real interest in the contest. So, likewise, a guardian in socage, or a devisee in trust for other persons, may be a witness in support of the will. But it is held that a guardian of record cannot be a witness in favor of his ward ; and the reason given is, that he is liable for the costs of the suit, if it should be determined against the ward.(3)
By parity of reason, an executor, in this State, who by statute is liable to costs upon an appeal, is not competent to testify upon a trial; for he is not merely a nominal party, but is directly and personally interested in the event of the suit. The interest may be slight, but it may also be important, as the costs in the case of a will, contested on the ground of the insanity of the testator, are usually not inconsiderable. But this rule has been invariably adhered to in the courts of this State, there being no instance of an executor, administrator, or guardian being admitted to testify, to support actions in favor of the estates they represent ; their being parties, and liable eventually to costs, having been always deemed a sufficient objection.†
The decision of the Court, therefore, against the admission of Dillingham as a witness, was right ; and this opens the question intended to be' saved for consideration, Whether, as on'e of the subscribing witnesses was incompetent at the time of the trial, the will was attested by three credible witnesses, pursuant to our statute, which prescribes the manner of devising lands, tenements, and hereditaments.(4)
[* 361] * The construction given to the term credible, as used in the statute, by this Court, in the case of Amory vs. Fellowes,(5) is somewhat different from that which was adopted by *315 Lord Mansfield, in the celebrated case of Windham vs. Chetwynd,(6) in discussing the effect of the same word in the English statute of frauds and perjuries. The meaning of the statute, according to our decision, is, that the will shall be attested by three witnesses who are competent to testify ; and this competency must exist at the time of the subscription, and not be acquired by act ex post facto, as was settled in England in the case of Anstey vs. Downing.(7)
It must necessarily follow, from the rule, that a subsequent incompetency will not affect the formal execution of the will.† Otherwise, the commission of a crime which renders infamous, or the succession to an estate under a devise, would disable a witness who was free from any taint of crime or interest at the time of subscribing ; a doctrine which would greatly embarrass the practice of disposing of estates by will, and produce constant uncertainty in the minds of testators, whether their property would be appropriated according to their wishes.
Incompetency to give testimony arises only (except that, in some instances, a witness is excluded on the ground of policy) from interest and infamy, both of which may arise long after the execution of a will, and frequently without the knowledge or after the death of the testator. In such cases, proof of the handwriting of the witnesses who were competent at the time of the attestation, and who cannot be sworn at the trial, or of their actual signing in the presence of the testator, by some witness who remains competent, must be resorted to ; or many wills, against which no objection would lie at the time of their execution, would be defeated.
Cases may arise when none of the attesting witnesses can be examined ; as, if they should all be dead, or should become infamous after the attestation, or should have gone into * foreign parts beyond the authority of the State, or the [*362] power of the persons interested to obtain depositions. . In such cases, there seems to be no reason why the rules of law, which admit of evidence of an inferior character in relation to deeds and other instruments, should not be applicable to a will as to a deed or bond ; provided the formalities required by the statute appear to have been observed.
If, then, Dillingham was a competent witness at the time he attested the will, there can be now no legal objection to it because of his subsequent incompetency. He appears to derive no interest *316 whatever under the will, not being residuary legatee, or having any devise or bequest in it. He is merely named executor, with another person who is residuary legatee. He could not, even by accepting the trust, acquire any interest, although he might subject himself to some liability, which would render him incompetent after-wards to testify. But this at the time was contingent, and depending altogether upon his assent. Had he died before the testator, the will might have been proved and committed to the other executor to administer alone ; or had he renounced the trust, the same disposition would have been made. No person could have been more free from interest than he was at the time of attestation. He might not have known, at the time of signing, that he was named executor in the will. For the witness need not know the contents of the will which he attests ; and even the testator might not have known that the person he had named as executor was called as a witness, it not being necessary that he should see the witness face to face.
It was argued, however, that no will can be proved, unless all the subscribing witnesses, who are alive and within the control of the Court, are produced to testify. This, as a general rule, is undoubtedly well settled both here and in England.(8) But there are obvious exceptions, as necessary to be regarded as the rule itself. The case of witnesses having become infamous instantly occurs, as one of the exceptions. They may be alive, and within the [*363] control * of the Court, and yet their testimony cannot be had, and the will may be proved without it. The same reason is applicable to witnesses who have become interested without the consent of those who claim under the will.(9)
If it be said that such persons may be produced, and the heir may waive his objections to them, and avail himself of their testimony, the same may be said of an executor ; and, indeed, an example is furnished in the present case. It was only at the instance of the heir that Dillingham was rejected, he being hi court at the trial and offered as a witness.
We are all of opinion that this will was duly executed according to the statute ; and, as the verdict has disaffirmed the reason of appeal, the decree of the judge of probate must be affirmed, with costs for the respondents.

 Peake’s L. of Evid. 108. — Gilb. L. of Dev. 123.— Goodtitle vs. Welford, Doug 131. — Lowe vs Joliffe, W. Black. 365.

 Nason vs. Thatcher & al, 7 Mass. Rep. 398. — 1 Phil. Ev. 69, 70, 7th edit. — Roscoe Ev., 2d. edit. 85.

 Stat. 1783, c. 24, § 3.

 5 Mass. Rep. 229.

15-9"> 1 Bur. 414.

 2 Strange, 1253. — See also Gilb. L. of Ev. 105. — 2 P. Will. 509. — Powell on Devises, 60, 70, 100.

 [By Rev. Stat. c. 62, § 6, it is provided, that, “If the witnesses are competent at the time of attesting the execution of the will, their subsequent incompetency, from whatever cause it may arise, shall not prevent the probate and allowance, of the will, :f it be otherwise satisfactorily proved." — Ed.]

 Chase & al. vs. Lincoln, 3 Mass. Rep. 236. —Townsend vs. Ives, 1 Wils. 216.

 Powell, on Devises, 69.