Parker, C. J.,
delivered the opinion of the Court. The rule, by which' parties to notes are excluded from being witnesses, to discredit the security to which they have given currency, does not apply to the case before us. Such witnesses are excluded [*121] on the ground of policy, because * in fact their testimony goes to contradict their own acts. It applies only to the case of negotiable securities, as in Churchill vs. Suter, which has been cited.' There it was decided that he who gives or endorses a negotiable note, by which act he gives a currency and credit to it, shall not be permitted to disaffirm his own doings, by showing that *103 the act itself was illegal, to the prejudice of an innocent holder of the note (7).
The principles, on which that decision rests, do not apply to the present case ; because the note, although negotiable in its form, was not in fact negotiated, but remains in the hands of the original promisee, and the suit is now brought by his administrator. No currency has been given to the note, and there is no innocent endorsee to be prejudiced. The contest is between the original parties to the illegal bargain; and the competency of the witness must depend altogether upon the question, whether he is interested in the event of the suit or not. Now it is plain that Page is not thus interested ; for the verdict in this action cannot be used in a suit against him ; and he cannot be held to contribute, because it is a fact agreed that he signed the note only as surety.
But the administrator himself was improperly admitted as a witness, on the general rule, that no party to a cause can testify in it. It is true, he may not eventually be interested in it; but he is liable in the first instance for the costs. It has heretofore been thought sufficient to exclude such testimony; that the witness is a party on record ; and we see no reason for relaxing the rule. The cases referred to in Peake are exceptions, which prove the general rule, that a party in a cause cannot be a witness (8).

New trial ordered.

 [The Court, in the case of Churchill vs. Suter, were misled by a Nisi Prius decision which has been overruled. Jordame vs. Lashbroke, 7 D. & E. 601. —Rich vs. Topping & Al. Peake, 224. N. P. C. 1 Esp. N. P. C. 176. —Brand vs. Ackerman, 5 Esp. 119. —Kent vs. Lowden, 1 Camp. 177. —Chitty, 6th ed. 413. —Peake, Ev. 255. —2 Stark, Ev. 298. —2 Phil. Ev. 7th ed. 20; and see note to Worcester vs. Eaton, 11 Mass. 375, and the cases there cited.—Ed.]

 [Sears vs. Dillingham, 12 Mass. 360. —Nason vs. Thatcher & Al. 7 Mass. 398. A party defendant to a suit, who is not interested in the event of the suit as to other parties, may, after suffering judgment by default, be a competent witness. —Worrall vs. Jones, 5 M. & P. 244. -7 Bing. 395.—Ed.]