## CHANDLER *vs.* MORTON.

The rule that a party to a negotiable note shall not be admitted as a witness to prove it usurious, extends to the maker of an accommodation note; and is applied even where the note had been delivered up to the real debtor, on his giving a recognizance to the creditor for the amount. And its application is not restricted to the case of an innocent indorsee; but is admitted where the usurer himself is a party.

The consideration of a recognizance or statute-acknowledgement of debt. *it seems* may be impeached for usury, even in an action brought by the creditor, against the debtor, for possession of the land taken by extent in satisfaction of the debt.

This was a writ of entry, in which the demandant counted upon his own seisin, and a disseisin by the tenant. Beside the issue of *nul disseisin*, the tenant pleaded that the demandant levied upon the premises an execution which was issued by a justice of the peace, upon a recognizance entered into by the tenant, under the statute respecting the acknowledgement of debts, in which usury was included and taken; and issue was joined upon a traverse of this plea.

At the trial, before *Weston J.* the demandant objected to the introduction of any proof of usury anterior to the recognizance; but this objection was overruled.

The only evidence of title in the demandant was the recognizance, execution, and extent, mentioned in the tenant's plea. The tenant offered to prove that the return of the extent was not made out till more than sixty days after the extent, and after the return day had passed; and that it was false;—but this evidence the Judge excluded.

He further offered as a witness the maker of an accommodation note made for the tenant's benefit, to be indorsed to the demandant, and accordingly indorsed, which afterwards formed part of the basis of the recognizance; to prove that the note so created was usurious. But this testimony, so far as it went to show the note to have been tainted with usury, was also excluded.

Chandler *v*. Morton.

A verdict was thereupon taken for the demandant, subject to the opinion of the court upon the admissibility of the rejected testimony.

*Allen*, for tenant, contended for the admission of the witness, on the ground that the note having been paid and cancelled, the case was no longer within the rule of *Churchill v. Suter*, 4 *Mass.* 162. qualified by *Fox v. Whitney*, 16 *Mass.* 118, which limits the rule of excluding a party to a note from testifying to impeach it, to the case of an innocent indorsee. But here the indorsee himself is a party to the usury. Moreover, the witness was not called to impeach the validity of the note, as against himself; but to prove the subsequent fact of usury in its transfer. *Skilding v. Warren*, 15 *Johns.* 272. 10 *Johns.* 231. *Powell v. Waters*, 17. *Johns.* 180. *Parker v. Hanson*, 7. *Mass.* 470. *Pierce v. Butler*, 14. *Mass.* 312.

To the point that the consideration of the recognizance might be inquired into, he cited *Bridge v. Hubbard*, 15. *Mass.* 100.

*A. Belcher*, for the demandant.

WESTON J. delivered the opinion of the Court.

Notwithstanding the vacillation in the English courts on the question, whether a party to an instrument shall be received as a witness to prove the same to have been originally void ; there has been none in Massachusetts, nor in this State, since its separation. By the case of *Churchill v. Suter* it was settled, that a party to a negotiable security shall not be received as a witness to prove the same to have been originally void.

The counsel for the tenant admits the soundness of this principle but insists that it is to be applied only in favor of an innocent holder ; and that the demandant in this case, having been a party to the usury, is not within the protection of the rule. And further, that the witness offered, having become a party only for the benefit and accommodation of the tenant, may be received ; as the facts would not disclose any turpitude imputable to him. In the case of *Walton v. Shelly*, Lord *Mansfield* predicates his opinion upon the maxim of the civil law, that no one disclosing his own turpitude can be heard ; and

Chandler v. Morton.

*Thompson* C. J. adverts to the same maxim in *Winter v. Saidler ;* as does *Parsons,* C. J. in the case of *Churchill v. Suter.* But the authority of this maxim is not the principal ground upon which the rule is founded, which is that of public policy to facilitate the circulation of negotiable paper, which could not but be greatly checked by the hazard which would attend it, if this rule were not enforced. Besides, the witness offered participated in the legal turpitude of the transaction. With a full knowledge that the other parties meditated a violation of the law, he lent his name as a party to an instrument, which he knew was tainted with usury, and thus aided both the demandant and the tenant in their unlawful purpose.

In the case of *Fox v. Whitney,* 16 *Mass.* 118, a new trial was granted, because the defendant on the record, who was sued as administrator, was received as a witness. The action was upon a negotiable note, by the administrator of the payee against the administrator of one of the makers. The other maker, who had signed the note as a surety, was admitted as a witness to prove the same to have been usurious ; and rightfully, as the court held, because the note, though negotiable, had not been negotiated, the action being between the administrators of the original parties. C. J. *Parker* further adds, that no currency had been given to the note, and that there was no innocent indorsee to be prejudiced. From which it is insisted, that it must be understood that the rule is to be applied only in favor of an innocent indorsee. It may be considered as limiting the application of the rule to negotiable paper, when actually negotiated ; but it does not decide that such testimony could in any case be admitted, as against an indorsee. The case of *Churchill v. Suter* is cited with approbation ; and no intimation is given of a disposition on the part of the court to contravene any of its principles.

In *Skilding v. Warren,* 15 *Johns.* 270, the only point decided, having a bearing upon this question was, that a party to a negotiable instrument is inadmissable as a witness, to show it void at the time of its execution ; but that he is competent to testify as to facts subsequently arising. In *Powell v. Waters,* 17 *Johns.* 180, *Smith,* the second indorser, was received as a witness, not to prove the note originally void, or tainted with usury when he indorsed it, but that it

Chandler *v.* Morton.

had received its taint in its subsequent negotiation; and this is the ground upon which his competency is expressly placed, by *Spencer* C. J. who delivered the opinion of the court. He says, "the situation in which *Smith* stood, did not incapacitate him from testifying to that fact. He was not asked any question involving his own turpitude, as whether the note which he passed as a good and available note, was void within his knowledge, when he offered it to the plaintiffs; and that I consider to be the precise point on which a majority of this court in *Winton v. Saidler*, rejected the testimony of an indorser. The reasoning of Mr. Justice *Thompson*, who delivered an opinion on that side of the question, proceeds on the maxim that *nemo allegans suam turpitudinem est audiendus*; he considered it as contrary to sound policy and morality, that a party to a negotiable note, should be admitted as a witness to invalidate it; meaning, undoubtedly, to be understood that a person, whose name was on a negotiable paper, and who had thereby contributed to its circulation, should not be heard to say, that the paper thus sanctioned by his name, was tainted when it passed from his hands; but if it receives its taint when it is negotiated to the party plaintiff, by the facts then happening, it is not contrary to public policy or morality, nor would it come within the principle of the decision of *Winton v. Saidler*, to hear the witness as to such facts." Whether the facts would or would not justify the distinction there taken, it is plain that the court did not mean to controvert the rule that a party to a negotiable instrument cannot be a witness to prove the same originally void; but that he was admissible to prove subsequent facts; and to this point they rely upon *Skilding v. Warren* as an authority. It is true, the chief justice says the rule in *Winton v. Saidler* was intended for the protection of *bona fide* holders of negotiable instruments, and doubtless this constituted one of the reasons for the introduction of the rule; but he does not state that it is not to be applied, when the plaintiff may have received the note with a full knowledge of the facts. That no such exception existed in the application of the rule, had been before expressly decided in New York, by the whole court, when chief justice *Spencer* was upon the bench; and in *Powell v. Waters*, he does not call in question the prior decision, nor intimate any change

Chandler *v.* Morton.

of opinion on his part. That decision was made in the case of *Mann v. Swaim*, 14. *Johns.* 270. It was there offered to be proved by the indorser, that the note was made upon an usurious contract between him and the plaintiff, for the purpose of being discounted by the plaintiff, at a greater discount than lawful interest. The plaintiff was there, as here, a party to the usury, which was taken for his benefit. The witness was rejected ; and it was contended that he should have been received ; because the plaintiff was not a *bona fide* holder. But the court refused to sustain the exception. They say, " as a general rule, it has been the established law of this State, that a party to a negotiable note cannot be admitted as a witness to prove it usurious ; and there can be no sound reason for varying this rule, when the holder is apprized of the fact of usury. Ignorance with respect to the usury, does not protect the holder. It is equally void in the hands of an innocent *bona fide* holder, as in the hands of one acquainted with the usury ; and if so, why should the rules of evidence, to get at the usury, be different? It is highly important that the rules of evidence should be as general as possible. Multiplied exceptions and distinctions generally lead to embarrassment and difficulty in the application of the rule." It would be difficult to adduce a case more exactly parallel with the case before us, than the one last cited.

But in the case of *Churchill v. Suter*, which is the leading authority in Massachusetts, the plaintiff could not be regarded as an innocent and *bona fide* holder. He was a party to the consummation of the usury. It was taken for his benefit ; and he enjoyed its fruits. And so *C. J. Parsons* viewed the case, in giving his opinion. After having excluded the testimony, he says it is no longer necessary to decide the second question, which was whether, the testimony being received, it presented a case of usury ; but he nevertheless proceeds to a consideration of it, and upon this point says—" a note may be sold at a greater discount than the legal interest, without being usurious. This generally happens when the holder doubts the solidity of the parties holden to pay ; and therefore sells it, without his own guaranty, at a greater than the legal discount, on account of the hazard. In the case before the court, the plaintiff took the guaranty of all the persons, who ever had any interest in the note, and even of

the broker.   If a sale under these circumstances is not to be considered as usurious, it is not easy to conceive what sale is within the statute."

If there was usury in that case, *Churchill* was the usurer ; and the benefit of the rule having been extended to him, proves that it does apply, as has been expressly decided in New York, and is to be enforced, at least in negotiated instruments, although the plaintiff is not a *bona fide* holder.

With regard to the regularity of the levy, we are very clear that parol testimony could not be admitted in this action to contradict the records of the justice, or the return of the officer.

It has become unnecessary to decide the question raised, whether it be competent to impeach the consideration of the recognizance.  It may not however be improper to remark that the statute declares void all bonds, contracts, mortgages, and assurances made for the payment of any money lent upon an usurious consideration.   If a recognizance be not included under any of these terms, it would be easy in that form to evade the statute, and to enforce the collection of money lent in violation of its provisions.

*Judgment on the verdict.*