Shaw C. J.
It appears by the facts in the present case, that the plaintiff does not stand in the character of an indorsee having taken the note for value in the ordinary course of business, as upon a sale and purchase of the note in market; but that the proposition to him was for a loan of money ; that the negotiation and agreement went upon that ground ; and that it was agreed between the parties, in a direct contract with the plaintiff, that $25 should be reserved as a premium on the discount; which is conceded to be more than seven per cent.; and if this is to be deemed within the statute of New York then in force, as interest upon a loan of money, then the contract was usurious and void. It appears to us, from the evidence, that this must be deemed a contract for a loan of money, and that the note was taken as a security upon that loan and so was void. Being an accommodation note, it did not acquire the character of a contract till it was discounted, and notwithstanding the form of the note, it was a direct and immediate contract by the plaintiff, for a loan of money, at a greater than the legal rate of interest. Munn v. Commission Co. 15 Johns. R. 44.[1]
2. The other question is, whether Lansing, the promisor on the note, was a competent" witness to prove the usury thus relied on The Court have been called upon by the counsel *574 for the defendant, to reconsider and change the rule of evidence adopted in this Court, in the case of Churchill v. Suter, 4 Mass. R. 156, and the subsequent cases, which rule is relied on in the present case, to exclude the testimony of Lansing ; and most of the authorities upon that subject have, been cited. It is true, that that rule has been the subject of great discussion, and has received different decisions in different courts, and even in the same courts at different times. This rule however seems to have been uniformly acted on in this Commonwealth, down to the case of Packard v. Richardson, 17 Mass. R. 122.
But we think there is no occasion for considering this question, because we think this case does not fall within the principle of the rule. This principle is, that no man shall, by his testimony, show that a contract which he himself has made and sanctioned by his name, and held out to the world as a valid one, is illegal, or has any secret taint, which will render it invalid in the hands of a third person, ^n the first case it was rested principally on the ground of policy, and on the maxim of the civil law, nemo allegans suam turpitudinem audiendus est. Such was the case of Churchill v. Suter, where the promisor and first indorser were called to show that in its original formation the note was usurious.
A party to a note, who is not interested, is not held to be an incompetent witness; but is only prohibited from giving testimony to show an illegality in the consideration, and thereby to defeat a security to which he has given currency by his name. To other facts he is a competent witness, as to prove a payment or other matter of defence, consistent with the original validity of the note, or not impairing the credit and character which he has thus given to it. Fox v. Whitney, 16 Mass. R. 118 ; Knights v. Putnam, 3 Pick. 184.[1]
Here the promisor was a competent witness to prove that the note was an accommodation note, indorsed by the defendant for the benefit of Lansing ; and this fact rebutted the presumption arising from the form of the indorsement, and showed *575 that the plaintiff was not an indorsee without notice, taking the note in the course of business, but was in fact the first person who held the note as a contract, and stood therefore in the character of a promisee or first taker of the note. The case then falls within that of Fox v. Whitney, above cited, where the suit was brought by the representative of the promisee, and a co-promisor and surety, called as a witness, was held to be competent and not within the rule ; which would have excluded him had the note been sued by an indorsee without notice The promisor and indorser stood in the relation of principal and surety, and one being sued, we think the other, being divested of all pecuniary interest by the release, was a competent witness to prove that the plaintiff himself received the security upon a corrupt and usurious contract.

Plaintiff nonsuit.

 See Dunscomb v. Bunker, 2 Metc. 8.

 See Buck v. Appleton, 2 Shepl. 284; Adams v. Carver, 6 Greenl. 390, Spring v. Lovett, 11 Pick. 417; Slone v. Vance, 6 Ohio R. 246; Drake v. Henly, Walker, 541.