### JAMES BULL *vs.* JARED C. STRONG & another

Where, in an action on a contract alleged to be joint, one of the defendants is defaulted, and the other goes to trial, the defaulted party is not, since the repeal of *St.* 1834, *c.* 189, and the substitution of Rev. Sts. *c.* 100, §§ 6, 7, a competent witness for the other, to prove that the contract was not joint.

ASSUMPSIT for use and occupation of a dwelling-house.   The defendant Strong was defaulted.   Webster Herrick, the other defendant, defended.   At the trial in the court of common pleas, after the plaintiff had adduced evidence tending to prove a joint promise of the defendants, said Herrick called said Strong as a witness to prove that the promise was several, and not joint, and that one part of the house was hired by Herrick, and the other part by himself.   The judge admitted the witness, and the verdict being in Herrick's favor, the plaintiff alleged exceptions.

*Forbes,* for the plaintiff.   By the latest English decisions, a party to the record, after being defaulted, may be a witness, if he is not interested.   *Worrall* v. *Jones,* 7 Bing. 395   *Pipe* v

*Steele,* 2 Adolph. & Ellis N. R. 733. The earlier decisions were otherwise ; and in *Mant* v. *Mainwaring,* 8 Taunt. 139, and 2 Moore, 9, a co-defendant, who had suffered judgment to go by default, was held not to be a competent witness to charge the other defendants, without their consent.

The decisions of this court have established the old English rule on this subject, and there is no reason for departing from that rule. *Sawyer* v. *Merrill,* 10 Pick. 18. *Nason* v *Thatcher,* 7 Mass. 398. *Fox* v. *Whitney,* 16 Mass. 121. *O'Brien* v. *Bradley,* 7 Law Reporter, 92. The cases of *Columbian Manufacturing Co.* v. *Dutch,* 13 Pick. 125, and *Vinal* v. *Burrill,* 18 Pick. 29, though apparently at variance with *Chaffee* v. *Jones,* 19 Pick. 260, may be reconciled on the ground that in the two former the defaulted party was interested, but not in the latter. In *Bradlee* v. *Neal,* 16 Pick. 501, a co-defendant who had been defaulted was held competent to testify in favor of the other defendants. But this decision proceeded on the ground that the *St.* of 1834, *c.* 189, which was then in force, but has since been repealed, allowed a plaintiff, in an action on contract, to take judgment against one or more of several defendants, without amending his declaration.

Before this statute, a plaintiff, who declared on a joint contract, could not take judgment against one defendant, if the other or others were not also liable. *Knight* v. *Dorr,* 19 Pick. 50. By the Rev. Sts. *c.* 100, §§ 6, 7, a different provision is made ; and a defendant, after the plaintiff has discontinued as against him, and amended the declaration, and not before, may be a witness for either party. Strong was therefore interested to testify that the promise declared on was not joint ; for if he could satisfy the jury of this fact, he would prevent the rendition of any judgment against himself. *Tuttle* v. *Cooper,* 10 Pick. 281.

*Huntington,* for Herrick. The rule, that a party to the record shall not be a witness, applies only where the party stands in the same relation to the suit as he did when the suit was commenced. Greenl. on Ev. § 355. S. P. *Commonwealth* v *Marsh,* 10 Pick. 57. In *O'Brien* v. *Bradley,* 7 Law Reporter, 92, the parties to the suit had not changed their original re

lation thereto.  The *St.* of 1834, *c.* 189, altered the common law recognized in *Tuttle* v. *Cooper*, 10 Pick. 281 ; as was held in the cases cited for the plaintiff; and the Rev. Sts. *c.* 100, § 6, have not altered that statute, except in requiring that notice shall be given to the defendant or defendants who are defaulted before a discontinuance is entered against the other or others By § 7, provision is made for discontinuing against part of the defendants where none of them has been defaulted.   The repeal of *St.* 1834 did not revive the common law.   The court may therefore consider, as an original question, whether a defaulted party can be a witness for his co-defendant.   See Greenl. on Ev. § 356.

Dewey, J.   The question, whether one who is a party to the record is to be excluded as a witness for that cause, under all circumstances, where the only objection to his admissibility is that he is a party to the record, is one upon which there has not been an entire uniformity of decision.   In this Commonwealth, the weight of authority is strongly in favor of excluding the witness in such case.   *Commonwealth* v. *Marsh*, 10 Pick. 57.   *Fox* v. *Whitney*, 16 Mass. 121.   *Columbian Manufacturing Co.* v. *Dutch*, 13 Pick. 125.

In *Chaffee* v. *Jones*, 19 Pick. 260, however, this court held, that in an action against principal and surety upon a note of hand, the principal, after having been defaulted, was a competent witness, in behalf of the surety, to disprove his liability.   Also, in *Bradlee* v. *Neal*, 16 Pick. 501, it was held, that in an action on contract, against two or more persons, a defendant who had been defaulted was, with his consent, a competent witness for his co-defendants.   These cases would seem to conflict with the doctrine that a party to the record is an incompetent witness for that cause merely, and would also go to remove the further objection of interest in the witness, were it not that these cases occurred and were decided upon the provisions of our *St.* of 1834, *c.* 189, " that if, in any action on debt or contract, it shall appear at any time before final judgment therein that any of the defendants was not a party to such contract, he shall be discharged therefrom," &c. " and the plaintiff shall thereupon be entitled to

recover against any other defendant or defendants, in the same manner as if such action had been originally brought against" him only. Under these provisions, the suit may be said to be ended, as it respects all the defendants who are defaulted, and all interest is also removed, as it respects their own liability. For although the action be on contract, and that laid jointly, yet by force of the statute, without proof of such joint contract, a recovery was to be had against such of the defendants as were found, either by their default or by verdict of the jury, to have promised ; and this without any change in the pleadings.

Without expressing any further opinion, or deeming it necessary to review the various other authorities bearing upon the point whether parties to the record are, for that cause alone, incompetent as witnesses, the court are clearly of opinion that the witness offered in this case was incompetent on the ground of direct interest in the question submitted to the jury. Independently of the statute provision just referred to, the rule of law is, that the party who declares upon a joint contract must recover against all the persons declared against, as joint promisors, or he cannot recover at all. *Tuttle* v. *Cooper,* 10 Pick. 281.   *Columbian Manufacturing Co.* v. *Dutch,* 13 Pick. 125.   Greenl. on Ev. § 356.   The *St.* of 1834, *c.* 189, is no longer in force ; and the substituted provisions, found in the Rev. Sts. *c.* 100, are materially different in this respect.   Sect. 6 provides, that in case of a default of one or more of the defendants, the plaintiff may amend his declaration, and take judgment against the defendants thus defaulted, discontinuing as to the other defendants ; such discontinuance and amendment not to be allowed without notice, to the defendants who have been defaulted, that they may appear and object, if they shall see fit.   Sect. 7 provides for cases where no default has been entered, and allows a plaintiff to discontinue as against any of the defendants, at any time before the cause is argued to the jury ; and if there is no such argument, at any time before the cause is committed to the jury ; and the plaintiff may thereupon amend his declaration, and the defendants against whom the cause has been discontinued may be thereupon examined as witnesses for either party, if in other respects competent.

These provisions, it is quite obvious, leave the case of an action, in which the declaration sets forth a joint promise, to be tried upon the same principles that governed similar cases before the *St.* of 1834, *c.* 189, which, as we have shown, was the right to recover against all the defendants or none. There was no amendment of the declaration in the present case, and the plaintiff asked for none. He put his case upon the joint promise of both the defendants, and he will recover against both or neither; and this notwithstanding the default of Strong, one of the defendants. Strong, the proposed witness, by whom Herrick, the other defendant, offers to show that this was not a joint contract, is directly interested in establishing that fact; for if this be found by the jury, a judgment must be entered against the plaintiff, as well in favor of Strong as of Herrick. It presents a case of direct interest, and the testimony is therefore incompetent.

*New trial granted.*