### JOHN BUBIER *vs.* NATHANIEL PULSIFER.

The indorser of a negotiable promissory note is a competent witness to prove that it was given in renewal of a former note negotiated by the indorser for the maker, adding interest at a usurious rate, and that the indorsee knew these facts when he took the note, and received unlawful interest thereon.

ACTION OF CONTRACT on a promissory note for $530, payable to John M. Maynard or order in three months from date, and by him indorsed to the plaintiff. Answer, that many years since the defendant gave Maynard his note for $300 payable in four months, and Maynard agreed to negotiate it for him, and he agreed to pay Maynard three per cent. per month upon the amount of said note, as interest; that said note was from time to time renewed, adding said interest, until the giving of the note sued upon, which was made up of the original sum of $300, and said three per cent. per month interest thereon; that the plaintiff, when the note in suit was indorsed to him, knew that Maynard held or negotiated said note for the defendant, and had full knowledge of all these facts; and that the plaintiff, when he received this note, received, took and secured thereby two or two and a half per cent. per month on the amount thereof from its date to its maturity as unlawful interest.

At the trial in the court of common pleas, the defendant offered Maynard as a witness to prove the facts stated in the answer. But the plaintiff objected, and *Bishop*, J. excluded him. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*M. G. Cobb*, for the defendant.

*J. G. Abbott*, for the plaintiff. Maynard cannot be called by the defendant to show a taint of illegality in the instrument which he had negotiated and given currency to by indorsing it. *Churchill* v. *Suter*, 4 Mass. 156. *Manning* v. *Wheatland*, 10 Mass. 502. *Packard* v. *Richardson*, 17 Mass. 122.

SHAW, C. J. The testimony of Maynard, the indorser, was offered, not to show that there was a legal defect in the origin

of the note, which he had warranted good by his indorsement; but to prove the facts stated in the answer, to wit that Maynard was the defendant's agent, that the contract of the plaintiff was that of a loan between the defendant and himself, and that the plaintiff did not take the note for value, in the ordinary course of business, and as an indorsee without notice. The witness therefore should have been admitted, under the authority of *Van Schaack* v. *Stafford,* 12 Pick. 565. Having shown that the plaintiff is not a *bona fide* holder without notice, which might have been shown by this witness, the case would be taken out of the authority of *Churchill* v. *Suter,* 4 Mass. 156, and that class of cases, and left to stand upon the ordinary rule. *Fox* v. *Whitney,* 16 Mass. 118. *Thayer* v. *Crossman,* 1 Met. 416. *Marston* v. *Brackett,* 9 N. H. 348. *Exceptions sustained.*

A new trial was had in the court of common pleas at September term 1856, and resulted in a verdict for the plaintiff.