## WILLIAM BACON, JR., Appellant.

A judge of probate has no jurisdiction over a will containing a devise of more than one hundred dollars in value to a person of whose will he has ʟeen appointed ex-ecutor.

APPEAL from the refusal of the judge of probate to entertain an application to prove the will of Hannah Hunneman, by which she gave the rents and profits of certain real estate to her hus-band, William C. Hunneman, for life. He died on the 16th of May 1856, leaving several hundred dollars of said rents uncol-lected. His will was duly proved in Suffolk county; and the judge of probate for this county was duly appointed one of the executors thereof; and on that ground now declined to take jurisdiction of this case.

*J. W. May*, for the appellant.

THOMAS, J. The judge of probate was of opinion that he had no jurisdiction in the case, on the ground of interest. He was one of the executors of the will of William C. Hunneman. If the will of Hannah Hunneman is probated, under its provis-ions the estate of which the judge is executor will be entitled to recover claims for rents to the amount of several hundred dollars. The question is, whether he was interested in the estate of Mrs. Hunneman.

The Rev. Sts. *c.* 70, § 1, say, "When any judge of probate shall be disqualified to act, by reason of his personal interest." But in the Rev. Sts. *c.* 83, § 15, providing for the transfer of cases to the court of the most ancient adjoining county, the language is, "When a judge of probate shall be interested." By the *St.* of 1851, c. 253, these provisions do not apply unless the interest exceeds the sum of one hundred dollars. The *St.* of 1856, *c.* 208, § 1, provides for the transfer of cases in which the judge of probate is or may be executor, administrator, guardian or trustee. The latter statute, though not applicable to cases ex-isting at the time of the appointment of the judge to be ex-ecutor of the will of William C. Hunnewell, indicates, we

think, the sense of the legislature as to the nature of the interest which would disqualify a judge of probate from acting in a cause.

But there is a consideration which we think conclusive. The estate of which he is executor is interested in the probate of the will. He must, or may, represent that estate on the question of probate. He must, or may, be party and judge.

The cases cited by the appellant have no tendency to sustain the jurisdiction of the judge in this case. The case of *Sears* v. *Dillingham*, 12 Mass. 357, established that an executor, after accepting the trust, was not a competent witness to establish the will. In *Cottle, appellant*, 5 Pick. 482, it was said, that the fact that the judge of probate had acted as the agent or attorney of a creditor of the estate, however improper, would not oust him of his jurisdiction, so as to render his official acts void. The judge however was held not to have jurisdiction, on another ground, to wit, that he was a creditor. In *Lyman* v. *Conkey*, 1 Met. 317, no question of interest was raised. In *Northampton* v. *Smith*, 11 Met. 390, it was decided that a bequest of money to trustees, to be devoted to the use of indigent persons in certain towns, did not make a judge of probate, who was an inhabitant of one of those towns, interested, within the provisions of the Rev. Sts. *c.* 83, § 15; and this on the ground that the town, in its corporate capacity, took no interest under the will, and of course the judge, as an inhabitant of that town, had no interest. In *Gay* v. *Minot*, 3 Cush. 352, it was held, that where the judge of probate was a debtor to the estate, though the debt was who ly secured by mortgage, he had no jurisdiction.                    *Decree affirmed.*