THEODORE NEWELL *vs.* FREDERIC HOLTON.

In an action against the maker of an accommodation note, the person for whose accommodation it was made is a competent witness to prove that he negotiated it for a usurious consideration. in another state, whose laws render usurious contracts void, to a par r from whom the plaintiff took it after maturity.

ACTION OF CONTRACT on a promissory note made by the defendant to Henry Burr or order, indorsed by the latter to Horace Burr and by him to Lot Newell.

At the trial in the superior court of Suffolk at September term 1856, it was admitted that the plaintiff took the note from Lot Newell after maturity. The defendant introduced evidence tending to show that the note was made by the defendant and indorsed by the payee for the accommodation of Horace Burr, without any consideration from either of them ; and then offered the deposition of Horace Burr to show that he transferred the note to Lot Newell in New York for a usurious consideration, in violation of the laws of New York, which render all usurious contracts void. But *Nelson*, C. J. refused to admit it, on the ground that Horace Burr, being a party to the note, was not a competent witness to show that it was tainted with usury and void. The verdict being for the plaintiff, the defendant excepted to the rejection of this deposition, and to other rulings not material to be stated.

*A. A. Ranney*, for the defendant.

*A. H. Fiske*, for the plaintiff.

DEWEY, J. It being conceded that the note was passed to the plaintiff after its maturity by Lot Newell, the same was subject to any defence that existed against it in the hands of

Lot Newell at the time when he transferred it to the plaintiff. If it shall further appear, as the evidence offered tended to prove, that this note was an accommodation note, made by the defendant at the request of Horace Burr, whose name appears as the second indorser thereon, and that it was in fact held by Horace Burr to be used by him to raise money thereon for his own benefit, having never been put in circulation before it was passed by him to Lot Newell, the note must be considered as first issued when negotiated to Lot Newell  In such case, if the note passed to Lot Newell upon an usurious agreement made with him by Horace Burr, such usury would affect the note, and might be set up in defence of the present action. To prove such usury Horace Burr would be a competent witness, his testimony being offered to prove an original, usurious contract made directly with Lot Newell.

As the law is now held in this commonwealth, an indorser of a promissory note may be a competent witness to a usurious contract made with the person to whom the note is first passed, when such person is the plaintiff, or some one taking the same under such circumstances as would subject him to the same defence as would avail against the party making the contract. Whatever reason there may have been, or whatever the rule may be, as to excluding a party standing in the relation of an indorser to a note, from defeating a note to which he has given currency, by testifying to a previous taint in which the party receiving it did not participate, being an innocent purchaser, it does not affect the present case, supposing Lot Newell, to whose rights the plaintiff succeeds, to have been himself a party to the usurious contract. To this extent the case of *Churchill* v. *Suter,* 4 Mass. 156, has been qualified, and it is unnecessary to go further in the present case. *Fox* v. *Whitney,* 16 Mass. 118. *Van Schaack* v. *Stafford,* 12 Pick. 565. *Thayer* v. *Crossman,* 1 Met. 416. *Bubier* v. *Pulsifer,* 4 Gray, 592.

Without expressing any opinion upon the other points discussed at the argument, for the reason we have stated there must be a new trial.        *Exceptions sustained.*