SIDNEY JONES vs. SARAH C. WOLCOTT, Administratrix.

The provision in Gen. Sts. c. 131, § 14, that where one of the original parties to the contract or cause of action in issue and on trial is dead, the other party shall not be admitted to testify in his own favor, does not exclude a party to the original contract who is not a party to the action.

In an action commenced against an administrator upon a contract between the intestate and the plaintiff, the plaintiff, after he has become insolvent and his assignee in insolvency has been admitted to prosecute the action, is a competent witness under Gen. Sts. c. 131, § 14.

At the hearing upon a bill of exceptions, no objection can be taken to the pleadings which was not taken at the trial.

A surety who has signed a note for the purpose of raising money to satisfy a judgment recovered against him for the default of his principal, but who has not paid any money on account of such judgment, is not entitled to set off the judgment against a debt due from him to his principal, or to set it up in defence against such debt.

ACTION OF CONTRACT against the administratrix of the estate of Russell B. Wolcott, commenced by John W. Howland, and prosecuted by the present plaintiff as his assignee in insolvency. Trial in the superior court before *Rockwell*, J., to whose rulings the defendant alleged exceptions, which are stated in the opinion.

*J. C. Wolcott*, for the defendant.

*J. N. Dunham*, for the plaintiff.

MERRICK, J. 1. At the trial the defendant objected to the competency of John W. Howland, who was produced as a witness by the plaintiff in his behalf, upon the ground that he was one of the parties to the contract or cause of action declared on in this suit. This objection was founded upon a misapprehension of the meaning of the proviso, " that when one of the parties to the original contract or cause of action is dead, the other party shall not be permitted to testify in his own favor," contained in the section of the statute making parties in civil actions and proceedings competent witnesses. Gen. Sts. c. 131, § 14. That proviso relates wholly to persons who are parties to the suit the issue arising in which is on trial, and not to others who were merely parties to the original contract. This is obvious from the consideration that the prohibition excludes those only from being witnesses, who might otherwise, under the general provision of the statute, testify in their own favor. They who

are not parties to the suit, either directly or indirectly, must necessarily testify in favor of one or the other of those who are, and of course not in their own.    Interest in its event does not operate as a disqualification.    Gen. Sts. *c.* 131, § 13.    Howland was not a party to this suit.    Although it was originally commenced by him, yet, upon his becoming insolvent and due proceedings had in the assignment of his estate for the benefit of his creditors, the present plaintiff was admitted to prosecute the action in his own name, and consequently Howland was no longer a party to it.    Standing in that relation, he was, upon the general rule, which is not affected by the statute, a competent witness for either party.    *Thayer* v. *Crossman,* 1 Met. 416. *Fox* v. *Whitney,* 16 Mass. 118.

2.  The court submitted to the jury to determine, upon the evidence laid before them, whether the charge of fifteen dollars for rent of certain land stated in the account connected with the amended answer and declaration in set-off ought to be allowed to the defendant.    This having been found against her, she now excepts to the regularity of the proceeding, upon the ground that there was in the replication no denial of this claim by the plaintiff.    This appears to be so ; but it does not appear that any such objection was interposed or suggested at the trial. It is a perfectly well settled rule of practice that no party can avail himself, upon the hearing of questions of law upon a bill of exceptions in this court, of any objection or cause of complaint which was not taken or stated at the time or in the course of the trial.    *Howard* v. *Hayward,* 10 Met. 408.    *Jones* v. *Sisson,* 6 Gray, 288.    *Edwards* v. *Carr,* 13 Gray, 238.    It is right and proper that this should be so, for the very obvious reason that if the objection had been taken, the opposite party would have had an opportunity to supply any defects in his proof or pleadings upon the points excepted to.    So in the present case, if the objection now urged by the defendant had been taken on the trial, the plaintiff might have obtained permission to amend, or file a replication and answer under which he would have been allowed to contest the claim.    As it does not appear that the defendant did take the objection, his exception now cannot be

allowed. In looking at the certified copy of the papers before us, we do not find that the defendant's amended answer was in fact duly filed in the case; if it was not, but was, as suggested by the counsel for the plaintiff at the argument, permitted by consent to be availed of on the trial, that will account for the want both of any replication and of a denial of the right of the defendant to set off the account of the charge for rent. We do not however rely on this, but disallow the exception upon the ground that it does not appear to have been taken or suggested at the trial.

3. There was no proof before the jury that the defendant ever paid any part of the judgment recovered against the sureties of Howland on the bond given by him to the sheriff of the county of Berkshire. The facts offered to be proved were that the intestate was one of those sureties, and that the breach declared on took place in his lifetime, that after judgment against the surviving sureties, the defendant, as his administratrix, signed a note with the other sureties for the purpose of raising money to pay that judgment, and to discharge the intestate's liability upon the bond; and the court very properly ruled that these facts constitute no ground for any set-off, or of defence to the present action. *Exceptions overruled.*