GEORGE A. SMITH and others, executors,

*vs.*

PATRICK McGLINCHY.

Cumberland. Opinion March 6, 1885.

*Promissory notes. Illegal consideration.*

The rule that the parties to a negotiable note are not competent witnesses to prove that the note was given for an illegal consideration, is not applicable to suits between the immediate parties to an illegal contract. The rule is for the protection of innocent parties only. It is not applicable to a suit by an indorsee against his immediate indorser, when the contract between them is for an illegal consideration, nor to suits between their personal representatives.

On exceptions from superior court.

Assumpsit by the executors of the indorsee against the indorser of a promissory note of $400, dated at Lewiston, February 23, 1878, payable in three months, signed by M. A. Ward and Henry Hines.

The plea was the general issue, with brief statement, that the consideration of the claim sued was for intoxicating liquor sold in violation of law, and to be sold in this state in violation of law.

At the trial, the testimony of the makers of the note was admitted, tending to show, that the consideration for the note, and the consideration for the indorsement from the defendant to the plaintiff's executor, was intoxicating liquor to be sold in this state in violation of law. To the admission of this testimony the plaintiffs alleged exceptions.

*Snow and Payson*, for the plaintiffs.

It is no defense to an action on a promissory note, that it was given for illegal consideration, when the action is brought by an indorsee who is the holder of the note for value and without notice of the illegality. R. S., c. 27, § 56; *Hapgood* v. *Needham*, 59 Maine, 443.

An indorsee is presumed to be a holder for value without notice. *Baxter* v. *Ellis*, 57 Maine, 180; *Kellogg* v. *Curtis*, 69 Maine, 212; *Collins* v. *Gilbert*, 94 U. S. 753.

The makers of the note are not competent witnesses to overcome this presumption. It is well settled that no man who is a party to a note shall be permitted by his own testimony to invalidate it. *U. S.* v. *Dunn*. 6 Pet. 51; *Davis* v. *Brown*, 94 U. S. 426; *Bank* v. *Jones*, 8 Pet. 12; *Henderson* v. *Anderson*, 3 How. 73; *Saltmarsh* v. *Tuthill*, 13 How. 229; *Lincoln* v. *Fitch*, 42 Maine, 468; 2 Dan'l Neg. Insts. (3 ed.) 247; 1 Greenl. Ev. (13 ed.) 438, 439. See also *Goodman* v. *Simonds*, 20 How. 365; *Farrell* v. *Lovett*, 68 Maine, 326.

*John J. Perry* and *D. A. Meaher*, for the defendant.

WALTON, J. The exceptions must be overruled. The rule that the parties to a negotiable note are not competent witnesses to prove that it was given for an illegal consideration is not applicable to suits between the immediate parties to an illegal contract. It is for the protection of innocent parties only. Thus, in *Fox* v. *Whitney*, 16 Mass. 118, in an action between the personal representatives of the parties to a note, the court held

that a surety on the note was a competent witness to prove the note usurious, because the action was between the personal representatives of the immediate parties to the illegal contract. And this limitation of the rule was sanctioned in *Thayer* v. *Crossman,* 1 Met. 416, and the further limitation deduced from it, that the rule does not apply when the note is not negotiated till after it is overdue ; the reasoning being that, inasmuch as the indorsee of an overdue note obtains no rights except such as were possessed by the payee, and the rule not being applicable to a suit by the payee, it could not be applicable to a suit by his indorsee.

In this case, the action is not based upon the contract created by the note itself. It is upon the contract created by the negotiation and transfer of it. It is an action against an indorser. And the true defense is, not that the note was given originally for intoxicating liquors (although such seems to have been the fact), but that it was negotiated and transferred to the plaintiff's testate for a like illegal consideration ; and it is the latter illegality, and not the former, that constitutes the true defense to the action. And in such an action, so defended, the rule of exclusion does not apply. Consequently, the objection to the testimony of the makers of the note was not well founded, and the exceptions must be overruled.

*Exceptions overruled.*

PETERS, C. J., VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.