## MYERS *against* URICH.

1801.

Monday, December 28th.

THIS was an action of debt on a bond, brought in the Common Pleas of *Dauphin* county to *November* term 1792; and the plea was payment, with leave to give in evidence a payment under a foreign attachment.

Upon the trial of the cause before *Yeates* and *Smith* Justices, at a Nisi Prius in *October* 1799, the following facts were in evidence. A foreign attachment, returnable to *February* term 1790 issued at the suit of *James Kelly* assignee of *Abraham Ebersoll* against *Myers* the present plaintiff; by virtue of which the amount of a bond owing to *Myers* but not yet due, was attached in the hands of *Urich* the obligor. In this attachment no declaration was filed, and judgment was rendered in the following *August.* On the 18th of *September* in the same year *Urich* paid *Kelly* nearly the whole amount attached. A *scire facias* to *August* term 1791 then issued against the garnishee, upon which judgment was rendered in *November*, with a stay of execution during six weeks; after the expiration of which time, but without execution, the residue of the bond was paid by *Urich.* No security however was found according to the act of Assembly, 1 *St. Laws* 60. to answer to *Myers* if within a year and a day he should disprove or avoid the debt &c.

The plaintiff *Myers* proved a good defence to the demand of *Kelly;* and it appeared to the jury that by articles of agreement between *Myers* and *Kelly*, *Kelly* had covenanted to pay to *Ebersoll* the very bond upon which he as assignee had brought the foreign attachment. A verdict was accordingly taken for the plaintiff subject to the opinion of the court in bank, whether such a payment as *Urich* had proved was a good defence to the demand of *Myers.*

*Duncan* for the plaintiff. The precipitate and voluntary payment by *Urich* before execution, or scire facias, or the conditional security being entered, was made in his own wrong. Unless the proceedings were regular the garnishee could not have been compelled to pay; and not being compelled to pay, this must assume the character of any other voluntary payment to a third person If we adopted special pleading in its rigour, the

*If the garnishee in a foreign attachment pay over to the plaintiff the debt attached, without being compelled so to do by due process of law, and without requiring the stipulation ordered by the act of Assembly, it will not discharge him from the original debt.*

1801.

MYERS

v.

URICH.

defendant would be forced to set out all the proceedings in the attachment, *Baker* v. *Hill* (*a*); that the act had been strictly pursued, *Scarpe* v. *Young* (*b*); that pledges had been found, 1 *Brownl.* 62. *Dyer* 196. *pl.* 42.; and that execution had issued upon the judgment, *Spink* v. *Tenant* (*c*). If this plea were effectually traversed, the garnishee would be compelled to pay the money over again; and he is bound to the same proofs under his plea of payment that would be required under the special plea. It is essential that the payment should be drawn from the garnishee by execution alone; for from the time of the execution the year and day runs, *Lewkner* v. *Huntley* (*d*); and if the money be paid before, by so much is the period abridged within which the defendant may resort to the pledges. The law is with *Myers*, because *Urich* has no legal defence unless he was compelled by due process of law to pay *Kelly*; the equity is also with him, because *Myers* owed nothing to *Kelly, Kelly* was trusted by *Urich*, and *Urich* should support the injury of his own act.

*Ingersoll* who was to have argued for the defendant gave up the cause; and

Per CURIAM. The ground of the defence is that *Urich* was compelled by due course of law to pay the amount of the bond to the plaintiff in the foreign attachment; but the fact is that he was not compelled by due course of law; for he could not be legally compelled unless the proceedings against him were regular, and the security required by the act of Assembly was duly entered.

Judgment for Plaintiff.

(*a*) 3 *Keb.* 627.          (*c*) 1 *Roll. Rep.* 105.
(*b*) *Lutw.* 985.           (*d*) *Cro. Eliz.* 713.