The opinion of the Court was delivered by
Duncan J.
To this scire facias against the garnishee, in a foreign attachment, on which were attached all the effects and credits of James Parkinson, in the hands of Samuel Ludwig, the garnishee'pleaded nulla bona; and on the trial, the plaintiff gave evidence of goods sold and delivered, on a credit of four months, by James Parkinson to Samuel Ludwig amounting to $8 288 9 cts. The goods were sold on the 27th July, 1817. The garnishee instantly paid into Court the principal debt, without interest and without costs ; and he offered himself as a witness to prove, that at the time of the delivery of the goods, Parkinson ordered the proceeds to be delivered to Thomas William Hart, which he agreed to, and gave notice to the Harts. He was admitted, and the plaintiff excepted.
I cannot discover any principle on which the defendant was admissible, even had the interest and costs been paid into Court. Although I am very far from conceding, that where the garnishee has put in the plea, that he has no goods or credits of the defendants in the attachment, in his hands, and this is found against him, he is not liable to costs; yet if he comes into Court on the scire facias, and suffers judgment to go against him, in that case he is not liable to costs,, because he has done nothing but pursue the track marked out by law. He could discharge himself in no other way ;. for had he paid the money to the plaintiff before judgment, on a scire facias, nay even after judgment without security, he would be accountable to the defendant, his. original creditor. Myers v. Urich, 1 Binn. 25. But if he pleads a false plea; if he denies that he has any effects in his hands; or there are effects exceeding those he admits.; on every principle of reason, and every rule of practice, he is. Walker v. Wallace. 2 Dall. 13. 1 Sergt. on Attach. 128. The common case of an executor or administrator contesting the right ,of.-.the plaintiff, proceeds on the same reason; for although the judgment for the debt, is de bonis' testatoris, yet for the costs, it is de bonis propriis.
*448 The judgment in the scire facias protects him. A third person claiming the goods attached, may have his remedy over against the plaintiff for money had and received, but is concluded by the judgment against the garnishee. Sergt. on Attach. 147. 183. 5 Johns. 101. Embree v. Collins & Hanna. Condemnation in foreign attachment may be given in evidence on non assumpsit; so in the plea of payment in debt on bond, or may be pleaded in bar. Sergt. on Attach. 161. Myers v. Urich, 1 Binn. 25. But how a defendant, on an issue in which he denies the right of a plaintiff to recover from him, can pay the money into Court, and then be a witness to disprove his right to recover from him, is what I cannot understand; for even were he considered as a stakeholder, he could not by any process, put himself in that situation, in which he could be a witness. The Court cannot impound the money, until the right of some third person, not a party to the record, is tried. How can the Harts get it ? . How can the Court direct an issue to try their right — there cannot be an interpleading here.
It cannot be pretended, that if this suit were directly between Parkinson, and Ludwig, assumpsit for goods sold and delivered, that Ludwig could bring the money into Court, and then be received to disprove the right of the plaintiff, and establish the right of some other to receive the proceeds of the goods. This issue was in fact the same — the plaintiff here says to the defendant, you are indebted to Parkinson; the defendant says, / am not, and I by my oath will prove I am not. The onus of proving goods of Parkinson, in the hands of Ludwig, lay on Wood; if he did not prove it, there would be a verdict for Ludwig. He made out a prima facie case on the evidence given by him; Ludwig could not be received as a witness to disprove this case ; to discharge himself from this action, by charging himself in another way, and to another person, that might, or might not, bring an action, against him. He was charged with having the goods of Parkinson at the time of the attachment; he denies this — this is the issue on trial. He can no more be a witness, than he could on the plea of non assumpsit. He can nó more be received to prove that he did not assume, on the plea of non assumpsit, to the plaintiff, but that he did assume to another that he can be here received to prove, that the goods attached were not the goods of Parkinson — that he was not the *449 debtor of Parkinson, but the debtor of third persons. The Court cannot impound the money more in the one case, than in the other.
Cases frequently occur, in which a defendant admits his liability to pay to some one, but denies the right of the plaintiff to receive the money. I am ignorant of any case under these circumstances, in which he was offered to prove the facts, while he resisted the plaintiff’s claim, although no one could be more likely to have knowledge of the facts. Nor have I knowledge of any case, in which in an action against one man, he was received as a witness to discharge himself. Cases enough there are to shew, that in an action against several defendants for a tort, other defendants against whom there is not evidence to be left to a jury, from which to conclude their guilt, are received as witnesses for co-defendants : but if no fact is found against a defendant, he is to be acquitted; if there is, he cannot by his own oath, disprove those facts, which render him liable. The rule is universal as to defendants. They cannot transfer by their own act, their liability over to others, and thereby make themselves witnesses. Although in some very particular cases it has been held, a plaintiff may transfer his right to recover, and make himself a witness, the costs being paid into Court. Steele v. Phænix Insurance Company. 3 Binn. 306. Willing and others v. Consequa, 1 Peters, 308. But even in the case of an executor defendant, who takes no beneficial interest under the will, and who by his plea admits assets in his hands, and who pays in the costs, he is not admissible. The rule of excluding a defendant, who is a party on the record, from giving testimony, is inflexible, so long as he remains a party on the record, a party to the issue trying; and on this clear principle was the opinion of the Court delivered this Term, in the case of Conrad and another executors of Evans v. Keyser. If the plaintiff made out no case against the defendant, he would not be called on to make any defence ; if he did, the defendant could not be received to make out by his own oath, the defence.
The Court are of opinion, that the defendant was not a competent witness, and that the judgment be reversed, and a venire facias de novo awarded.
Judgment reversed, and a venire facias de novo awarded.