SINKS, Administrator, *v.* ENGLISH, Assignee.

Covenant against an administrator on an obligation of the intestate, brought by an assignee.   Pleas, non-assignment by the obligee, and payment to him by the intestate.   *Held*, that the defendant was not a competent witness against the plaintiff, to prove the truth of the pleas.

ERROR to the *Marion* Probate Court.   In this case *English*, assignee, &c. was the plaintiff below, and *Sinks*, administrator, &c. the defendant.

M'KINNEY, J.—This is an action of covenant, on a writing obligatory, executed by the intestate, *Snow*.   It was assigned by the payee to *John West*, and by the latter to *English*, the plaintiff.   Pleas—1st, non-assignment by the payee to *John West*, and 2dly, payment by the maker to the payee.   Issues on both pleas to the country, and verdict and judgment in favour of the plaintiff.

By a bill of exceptions, the correctness of the opinion of the Court below, rejecting as a witness, in support of the pleas, the defendant in the action, is presented.

Perhaps no branch of the law has been more benefited, by enlightened adjudications, than that of evidence.   The distinction between competency and credibility, direct and contingent

interest, is so clearly defined, that the present question settled by general principle, and particular decision, would not require special attention, were it not that the counsel for the plaintiff in error has placed it upon the construction of the statute organizing Probate Courts. It would seem proper, however, to advert to some of the rules of evidence, before we seek for the defendant's exemption from their operation, in a construction of the statute.

In 1 Phill. on Ev. p. 56, it is laid down, that a party to the suit on record, cannot be a witness for himself or for a joint suitor against the adverse party, on account of the immediate and direct interest which he has in the Court, either from having a certain benefit or loss, or from being liable to costs. The cases of *Haswell* v. *Bussing*, 10 Johns. R. 128, and *Sharpe* v. *Thatcher*, 2 Dall. 77, are illustrations of the rule. In Stark. on Ev. 3d vol., 1061, it is said " the rule which excludes a party from giving evidence in his own cause, is not founded merely on the consideration of his interest, but partly at least, on a principle of policy, for the prevention of perjury. The Circuit Court of the *United States*, in *Willings* v. *Consequa*, 1 Peters' C. R. 307, speaking of the exclusion of a party to a suit as a witness, says, the foundation of the rule is, the interest which the party has in the event of the suit, both as to costs and the subject-matter.

As a general rule, then, founded not only on the interest which the party has in the event of the suit, both as to costs and the subject-matter, but on a principle of policy for the prevention of perjury,—a party to a suit is not a competent witness. The counsel for the plaintiff in error, supposes his client to be, as an administrator, without this rule, not liable to costs, and therefore competent. If this were admitted, in relation to costs, the administrator is unquestionably interested in the subject-matter. The defeat of the action leaves in his hands, as assets, the amount that otherwise would be recovered from him. In the proper application of those assets, not only he himself, but his sureties are deeply interested. The successful support of the pleas in this case, prevents a diminution of the estate of which he is the representative. By the principle settled in the case of *Hillhouse* v. *Smith*, 5 Day's R. 432, (exclusive of his being a party to the suit,)—that whenever a judgment will certainly affect the fund in which the witness is interested he is incompetent,—the

administrator was properly rejected; and by *Fox* v. *Whitney*, 16 Mass. R. 118, although the estate is insolvent, yet an administrator defendant is not a competent witness. In the case of *Heckert et al. adm'rs.* v. *Haine*, 6 Binn. R. 16, one of the defendants was offered as a witness in support of the defence; exclusive of the question of costs, he was rejected. See also, *Vansant* v. *Boileau et al.* 1 Binn. R. 444.

Without dwelling upon other cases, that support the opinion of the Probate Court, it may only be necessary to remark that the case of *Carter* v. *Pearce, adm'x.* 1 T. R. 163, and others cited by the counsel for the plaintiff in error, do not appear to sustain his positions, or to conflict with this opinion. We are also satisfied, that it is supported by a proper construction of the statute referred to (1).

*Per Curiam.*—The judgment is affirmed with costs.

*H. Brown*, for the plaintiff.

*J. H. Scott*, for the defendant.

(1) A party to the record is sometimes a competent witness, as appears by the following authority:

*Tindall*, C. J.—"In this case of debt on bond, conditioned for the payment of rent and performance of agreements by *Edward Jones*, one of the defendants, he, and the defendant *James Jones*, suffered judgment by default; the only defendant who pleaded in bar to the action was *William Baker;* and the issue raised upon his plea, was, whether the tenancy had continued during the time the rent was alleged to have become due.

"At the trial of this issue, the plaintiff proposed to call the said *Edward Jones* as a witness to prove the continuance of the ancient tenancy. No objection could arise on the ground that *Edward Jones* was interested to procure a verdict for the plaintiff, who called him; inasmuch as, being the principal debtor, he could not call for contribution from the other defendants, but must himself be ultimately liable both to the damages and costs recovered in this action. The witness did not himself object to be examined, but an objection was made on the part of *William Baker*, the defendant who had pleaded; and the question reserved for our consideration is, whether a defendant, who has suffered judgment by default, and who consents to be examined, is an admissible witness, where he has no interest in the event of the suit; and the only objection to his admissibility is this,—that he is a party upon the record. And upon this question we are of opinion that the evidence was admissible.     *     *     *     *

" That a party to the record should not be *compelled* against his consent to become a witness in a Court of law, is a rule founded in good sense and sound policy; it forms the point of the decision in the case of *The King* v. *Woburn*, 10 East, 395, and the decision of that case leads to the necessary inference, that if the party consents to be examined, he is then an admissible witness. We

think, therefore, where the party to the suit, who has suffered judgment by default, waives the objection and consents to be examined, and is called against his own interest, there is no ground, either on principle or authority, for rejecting him." *Worrall* v. *Jones et al.* 7 Bing. 395.