HALL, Assignee of KEELER, *v.* KNAPP, Garnishee of FARNUM.

IN ERROR.

A garnishee in a writ of attachment in execution, who, to interrogatories of the plaintiff, files his answers, is entitled to recover his costs, where the plaintiff, not content with his answers, suffers a nonsuit, after compelling him to plead and prepare for trial.

THIS was a writ of attachment, in execution, issued on a judgment, in favour of Amos Keeler, surviving partner of the late firm of Keeler & Freeman against John P. Farnum, with a clause of scire facias to George F. Knapp, as garnishee. Interrogatories having been filed by the plaintiff, and a rule obtained upon the garnishee, to answer, he filed his answers. A rule was subsequently granted on the garnishee to plead, who pleaded accordingly. The defendant then arbitrated the case, and the plaintiff's attorney suggested, in the record, the bankruptcy of plaintiff, and the suit was marked to the use of James Hall, the assignee. The plaintiff then suffered a nonsuit, and on the same day obtained a rule to show cause why judgment should not be entered without costs. The court discharged this rule, and directed judgment to be entered in favour of the garnishee, with costs. The plaintiff then took out a writ of error, and assigned the following error in this court:

The court erred in entering judgment in favour of the garnishee, George F. Knapp, for his costs.

*Wurtz*, for plaintiff in error, contended, that the plaintiff was not liable for the costs of the garnishee, unless the act of Assembly made him liable; and that the act of Assembly did not give costs to the garnishee, against the plaintiff. He cited the act of 16th of June, 1836, Stroud's Purdon, 415, sect. 32, 33, 34, and 35; Sergeant on Attachments, 128; 2 Bacon's Abr. 261, title *Customs of London.* He also argued that Keeler, the plaintiff, having taken the benefit of the bankrupt law, was not liable for costs.

*Butler*, contrà, argued that it was the plaintiff's fault, that the bill

of costs was contracted, the defendant having done all that he was required by law to do. He answered the interrogatories filed by the plaintiff; but the plaintiff, not being satisfied with his answers, called upon him to plead, thereby increasing the costs: that the garnishee responded to the call, and after he had pleaded, subpœnaed his witnesses, and prepared for trial, as he was compelled to do, the plaintiff took a nonsuit. That the act of Assembly, under which these proceedings were instituted, authorizes "process in the nature of an attachment," and provides, that " the plaintiff may proceed to judgment in the manner allowed in cases of foreign attachments." In Corbyn v. Bollman, 4 Watts & Serg. 342, it was decided, that in a proceeding under this act, a judgment against the garnishee, "with all legal costs and charges" is good. And that by the statute of 4 Jac. 1, the defendant recovers costs when he succeeds, in all cases, where, under like circumstances, the plaintiff would recover costs.

The opinion of the court was delivered by SERGEANT, J.

It is an established rule, in the law of costs, by virtue of the statutes 4 Jac. 1, c. 3, and 8 & 9 Will. 3, c. 11, and others, that in all cases where the plaintiff would have costs, if he had recovered, the defendant shall have his costs if the plaintiff be nonsuited. Com. Dig. *Costs*, A. 5. The question then is, whether the plaintiff, in a scire facias against the garnishee in foreign attachment, who has filed interrogatories and obtained answers thereto from the garnishee, as to the money and effects in his hands, and is not content to abide by the answers, but compels him to plead, and costs are thereby incurred, would not have recovered his costs, if he had proved more in the hands of the garnishee than was admitted by his answers. It is settled that he would. In Walker v. Wallace, 2 Dall. 113, the principle is expressed in so many words. And in the posterior cases of Wood v. Ludwig, 5 Serg. & Rawle, 446; Myers v. Urick, 1 Bin. 25, the reason is given; that if the garnishee suffers judgment to go against him, in that case he is not liable to costs, because he has done nothing but pursue the path pointed out by the law. But if he pleads a false plea; if he falsely denies that he has any effects in his hands; or there are effects exceeding those he admits, he is responsible for costs. In the present instance, the garnishee answered the interrogatories. The plaintiff was not content to abide by them, but persisted in going further, creating new expense, and then suffered a nonsuit. He was the cause of the result which happened; and if, after taking these steps, he chose to abandon further proceedings, it is but right, we think, as well as in conformity with the authorities, that the defendant should recover his costs. That it

was intended the proceedings under the attachment in execution should be governed by the same rules of proceeding, that had become known and familiar on foreign attachment, when not otherwise directed by the express or implied provisions of the acts on the subject, seems plain from their tenor.                    Judgment affirmed.