## GRIMES AD. VS. BUSH.

Upon an appeal from the Probate, to the Circuit Court, the presumption of law is in favor of the judgment, as to the facts upon which it is based, where nothing to the contrary is shown, as to the evidence, by bill of exceptions. But where that court has erred in relation to any material question of law or fact, the Circuit Court should try the case *de novo.*

Upon application to the Probate Court, for allowance of a claim against the estate of a deceased person, which has been rejected by the administrator, a plea, that the claimant had not delivered to the administrator a copy of the claim, before or at the time of its presentation, is a good defence; and such plea need not allege that the administrator did not waive or dispense with the copy.

The administrator may waive the copy required by the statute; but the facts and circumstances going to show such waiver should, legitimately, be brought forward by the claimant, and whether they amount to a waiver of the copy is a matter of fact to be determined by the jury.

*Appeal from Sebastian Circuit Court.*

The Hon. FELIX J. BATSON, Circuit Judge.

S. H. HEMPSTEAD, for the appellant. A copy of the claim, not having been served on the administrator, the judgment, according to *Borden vs. Fowler,* 14 *Ark.* 474, must be reversed.

Mr. JUSTICE SCOTT delivered the opinion of the Court.

This cause originated in the Probate Court of Sebastian county, where Grimes, as administrator, appeared in January, 1855, in pursuance of notice under the statute, to contest the allowance of an alleged claim of Bush against the estate of his intestate. The claim was a money demand, the open account for which was

regularly authenticated, and upon it was endorsed, over the signature of Grimes as administrator: "Examined, disallowed, and rejected, 5th day of November, 1853."

When Bush presented the claim to the court for allowance, Grimes pleaded, in apt time and due form, that Bush had never delivered to him, before or at the time of the presentation of the claim, a copy thereof, setting forth each item distinctly, and prayed the proceeding might be abated.

Bush demurred upon the grounds: 1st. That the plea does not allege that defendant did not waive and dispense with his right to such copy. 2d. That it does not allege that he refused to allow or disallow the account for the reason that no such copy was delivered to him. 3d. That it does not allege that defendant asked for, or required any such copy, or refused to take any action in regard to the claim, because such copy was not delivered to him. 4th. That it does not allege that defendant refused to endorse his disallowance, and did not endorse it on the back of said claim for the reason that such copy was not delivered to him.

The demurrer was sustained, and the defendant refusing to plead over, the court heard the evidence adduced, and allowed and classed the claim.

The defendant took a bill of exceptions, not only as to the decision of the court on the demurrer, but also, " because the court erred in allowing plaintiff's account of $280 against the defendant,"and appealed to this court.

According to the provisions of the statute, the clerk of the Probate Court certified into the Circuit Court, not only a transcript of the record and proceedings relating to the points decided on the demurrer, but also that, together with the original papers relating to the claim allowed—that allowance having been also specifically excepted to. There is nothing in the bill of exceptions relating to the evidence. Upon the hearing, the Circuit Court found no error in any of the matters embraced by the exceptions, and affirming the judgment of the Probate Court, Grimes appealed to this court.

We think it clear enough that the Circuit Court decided right as to so much of the case presented, as relates to the action of the Probate Court as followed the sustaining of the demurrer, if that action could be disconnected and considered without reference to that part of the case covered by the demurrer; because, independent of the affirmative statement in the record, that the court "heard the evidence adduced" by the claimant, the presumption, which the law universally indulges in favor of a judgment until the contrary is made to appear, would have been ample support— the defendant having shown nothing, as to the evidence, by his bill of exceptions, to the contrary.

But the statute is imperative, that if the Probate Court has erred in relation to any material question of "law or fact," the Circuit Court shall try the case, *de novo*—hence, although that court may have been of opinion that, upon the whole case embraced by the exceptions, justice had been done, although material error of law had intervened, it was inhibited by the statute from an affirmance, and ought to have tried the case anew.

With regard to the demurrer, we are of the opinion that none of the objections taken to the plea were good. Such matters as are embraced in these objections, as well as a multitude of other facts and circumstances, of which one might conceive—might be legitimately brought forward by the claimant, upon the determination of the matter of fact, whether or not the defendant had dispensed with, or waived the statutory copy: but it is not necessary that the defendant pleading the want of the copy should embrace them in his plea.

In any such case, whether or not the facts and circumstances shown in evidence, amount to a waiver of the copy, is matter of fact to be determined by jury, like other matters of fact in analogous cases, as in waiver of notice by an endorser in the law merchant, and in tender, &c. As was remarked in the case of *Borden vs. Fowler adm.*, 14 *Ark.* 474, the provision of the statute for the copy was evidently designed to afford an executor or administrator such information as would enable him to act advi-

42B

sedly in allowing or refusing to allow a claim presented against the estate of his testator or intestate, and in case he allowed it, to place in his possession accurate data for the list of claims he is required to keep, and for their classification and return into the Probate Court annually under the provisions of the administrative law. *Digest, p.* 128, *sec.* 98.

Hence, where the representative of an estate has had a fair and convenient opportunity to examine the original, no violence is done to the spirit of the statute, by the finding of a waiver of the copy by a jury, upon slight grounds shown in evidence.

Holding the objections taken to the plea to be untenable, as we have said, we think, on that ground, that the Circuit Court ought to have heard the case *de novo.* The judgment will, therefore, be reversed, and the cause remanded, with instructions to the Circuit Court to permit the claimant to withdraw his demurrer, and otherwise respond to the plea, and to hear the case *de novo,* and determine it according to law.