## GRIMES AS AD. VS. BOOTH.

On appeal from the judgment of the Probate Court, sustaining a demurrer to the defendant's plea, the Circuit Court decided that the Probate Court erred, opened the cause for trial *de novo*, and proceeded to try it upon further pleading and evidence.

A claim against an estate, consisting of a single item, was presented to the administrator: he had it in possession six weeks—examined the books and papers of the deceased, in reference to that and other claims, and took a list of them. *Held* that the Court sitting as a jury, was warranted in finding a waiver of a copy of the claim.

An administrator is an incompetent witness in his own favor in a suit against himself.

In a suit against an administrator for a sum of money deposited with his intestate, proof that at the time of his death the deceased had in his house a bag in which was a purse containing the exact sum claimed, both labeled in the hand writing of the deceased with the name of the plaintiff, and that it was delivered to the administrator, makes a *prima facie* case for the plaintiff.

*Appeal from the Circuit Court of Sebastian county.*

Hon. FELIX J. BATSON, Circuit Judge.

S. H. HEMPSTEAD for the appellant.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Hepsey Booth filed a claim in the Sebastian Probate Court, for allowance and classification against the estate of John Booth, deceased. The claim was an open account of but one item, as follows: " To cash deposited with said John Booth for safe keeping, $77 50." The account was regularly sworn to, and endorsed by Marshal Grimes, administrator, etc., " examined, disallowed and rejected."

Grimes, as such administrator, filed a plea in abatement, al-

leging that the plaintiff did not, at the time of exhibiting the demand to him for allowance, or at any time before, etc., deliver to him a copy thereof, etc.

The Probate Court sustained a demurrer to the plea, the defendant rested, and, on proof of the claim, the Probate Court allowed and classed it, and Grimes appealed to the Circuit Court of Sebastian county.

The Circuit Court decided that the Probate Court erred in sustaining the demurrer to the plea, and opened the cause for trial *de novo*.

The plaintiff then filed a replication to the plea, alleging that the defendant waived his right to be presented with a copy of the demand sued upon, at the time it was exhibited to him for his allowance as such administrator. To which the defendant took issue.

The issue was submitted to the Court, sitting as a jury, upon the following evidence:

*Solomon F. Clark* testified that he presented the account sued on to Grimes, as such administrator, for his allowance, in the fall of 1853, with some six or seven other claims against the estate of Booth, of a similiar character, all of which were duly authenticated, when presented. That Grimes desired witness to let him take the claims into his possession, saying he wanted to take a list of them, and compare them with the books and papers of the deceased, which he thought would show a sufficient indebtedness on the part of one of the claimants (Baker) to pay his claims, or nearly so. Witness then told him that he was willing that he should do so, as he, witness, had not prepared copies of the claims for him, and if he was inclined to disallow them, that would answer as well as if he had copies. Witness then delivered to Grimes all of the claims, including the plaintiff's, and he kept them in his possession over six weeks, and witness thought as much as three months, when witness called at his store for the claims. Grimes then told witness, in answer to inquiries, that he had taken a list of the claims, and examined the books and papers of the deceased in

reference to them. He then went to his counting-room, got the claims, and handed them to witness. On examining them, witness found the plaintiff's, as well as the other claims, endorsed, rejected, etc., and he then filed them in the Probate Court for suit, etc.

The defendant then offered himself as a witness to prove that he did not, as such administrator, at the time the claim sued on was presented to him for allowance, or at any other time, waive his right to a copy thereof, and that he rejected the claim because a copy had not been served upon him, etc.; but the Court refused to allow him to be sworn as a witness, and he excepted.

The above being all the evidence introduced, or offered, by the parties, the Court found the issue for the plaintiff, and the defendant excepted.

The defendant declining to plead over to the merits, judgment was rendered for the plaintiff, and, by consent of parties, the Court acted as a jury in assessing the damages; and, upon the evidence introduced, allowed the full amount of the plaintiff's claim, with interest, etc. The defendant excepted, set out the evidence, and appealed.

1. In the case of *Grimes vs. Bush*, 16 *Ark. R.* 649, this Court said: "In any such case, whether or not the facts and circumstances, shown in evidence, amount to a waiver of the copy (of the demand) is a matter of fact to be determined by the jury, like other matters of fact in analogous cases, as in waiver of notice by an endorser in the law merchant, and in tender, etc. As was remarked in the case of *Borden vs. Fowler ad.*, 14 *Ark.* 474, the provision of the statute, for the copy, was evidently designed to afford an executor or administrator such information as would enable him to act advisedly in allowing, or refusing to allow, a claim presented against the estate of his testator or intestate, and, in case he allowed it, to place in his possession accurate data for the list of claims he is required to keep, and for their classification and return into the Probate

Court annually, under the provisions of the administration law. *Dig.*, *p.* 128, *sec.* 98."

" Hence, where the representative of an estate has had a fair and convenient opportunity to examine the original, no violence is done to the spirit of the statute, by the finding of a waiver of the copy by a jury, upon slight grounds shown in evidence."

Here the claim consisted of but one simple item. The administrator had it in his possession, with other similar claims, for more than six weeks. He examined the books and papers of the deceased in reference to the claims, and took a list of them. Surely, the Court, sitting as a jury, was warranted in finding that there was a waiver of a copy upon this evidence.

2. The administrator, being defendant, was within the general rule which renders a party to the suit incompetent as a witness in his own favor. *Sinks, ad'r, vs. English*, 3 *Black.* 138; *Fox et al., ad'r, vs. Whitney,* 16 *Mass.* 118; *Heckert vs. Haine,* 6 *Binney* 16; *Wood vs. Ludwig*, 5 *Serg. & Rawl.* 446; *Lampton vs. Lampton's exrs*. 6 *Monroe* 616.

3. On the inquest of damages, Baker, the sheriff, testified that, upon the death of John Booth, defendant's intestate, he, witness, took charge of his effects. That he found in a drawer in the house of 'the deceased, a bag labeled " *Hepsey Booth*," in the hand-writing of the deceased; and in the bag, he found a purse labeled " *Hepsey Booth*," in the same hand-writing. The purse contained *seventy-seven* dollars *and fifty cents*. The bag and purse were in a drawer separate and apart from other money of the deceased found in the house. The witness turned the money over to the administrator, etc.

The plaintiff, Hepsey Booth, sued the administrator for $77 50, deposited with the intestate for safe keeping. We think the Court, sitting as a jury, was warranted, upon this evidence, in finding for the plaintiff, as it did. The evidence clearly made a *prima facie* case.

The judgment is affirmed.