# HILLSBOROUGH,

## JANUARY TERM, A. D. 1859.

---

### Jackson & a. *v.* Barron.

A party to the record, who has no interest in the result of the suit, is a competent witness.

If it is objected to a witness offered on trial that he is party to the record, and no objection is then made on the ground of his interest, the objection of interest cannot be urged on the hearing of the case.

Where the estate of a deceased person is interested in the result of a suit, his wife, if she have no interest in the estate, is a competent witness, unless the facts to which she testifies came to her knowledge through confidential communications from her husband.

If the estate of a person deceased is interested in the result of a suit, and his wife, being entitled to a distributive share of the surplus after the payment of debts, is offered as a witness, evidence may be received by the court to show the condition of the estate to be such that the wife can receive nothing from it in any event of the suit on trial; and if the evidence satisfies the court of that fact, she is a competent witness.

Where the form used for the caption of a deposition contains a certificate to the oath of the witness, and also to the taxation of costs, and the signature of the magistrate follows, if it is plain from the form of the caption that the signature was intended to apply to both certificates, the caption is sufficient.

Assumpsit against the defendant, as surviving partner in the firm of Charles G. Parsons. The declaration was for goods sold and delivered, and the specification was for sundry goods alleged to have been sold on the 16th of June, 1854. It appeared that the demand was assigned to Luther Aiken, before the commencement of the suit,

which was prosecuted for his benefit in the name of the plaintiffs, and the writ indorsed by a resident of this State.

Joseph B. Norris, one of the plaintiffs on the record, was introduced to prove the sale of the goods. He was objected to on the ground that, being a party to the record, he was incompetent; but the objection was overruled, subject to exception.

The position of the plaintiffs was that the firm consisted of Parsons, Barron and Hadley; and the principal question was, whether the defendant was a partner with Parsons and Hadley—Parsons having died some time before the commencement of the suit.

The plaintiffs, with other testimony, introduced the deposition of Emily D. Rogers, who, at the time of the sale, was the wife of Parsons. The deposition was objected to on the following grounds:

1. Because on a former trial she swore that the deposition was false.

2. Because the caption of the deposition was not signed by the magistrate.

3. Because the witness was interested in the suit, since, in case the defendant was charged, the estate of her deceased husband would be relieved of part of the debts of the firm.

4. Because she could not testify to any facts that came to her knowledge through her relation to Parsons, as his wife.

It appeared that the witness, on a former trial, testified that the material facts of the deposition were untrue; but the court overruled this objection. The witness was afterwards on the stand, and testified that the deposition was true.

The caption of the deposition is made upon a printed blank, and states that the witness made oath "before me, the subscriber," &c., and concluded as follows:

"The deponent, being more than ten miles from the

---

Jackson *v.* Barron.

---

place of trial, and without the State of New-Hampshire, is the cause of this caption.

| | |
|---|---|
| Commissioner's fees, | 35.00 |
| Deponent's fees, | 7.35 |
| Notification, | 50 |
| Service, | 1.66 |
| Subpœna, | 10 |
| Services, | 17. |
| | ———— |
| | $44.78 |

Taxed by me —                    [SEAL.]

SAM. L. THORNDIKE, *Commissioner.*"

There is no other place in the blank that appears to be designed for the signature of the commissioner, and the word commissioner, following his name, is printed in the blank, and also the words, " taxed by me."

It appeared that Parsons died insolvent, and that his estate would pay but little to his creditors; but the estate had not been rendered insolvent. The testimony of the witness, Rogers, related to a contract of partnership which she said she heard made between her husband, her brother Hadley, and Barron, and no part of it consisted of communications made to her by her husband.

*H. Foster, Morrison & Stanley,* and *W. C. & S. G. Clarke,* for the plaintiffs.

*Clark & Smith,* and *Cross & Topliff,* for the defendant.

PERLEY, C. J.   The general principle may be considered as settled in this State, that the mere fact of being party to the record will not disqualify a witness. If, on account of his connection with the suit, a party has an interest in the result, he is incompetent, like any other interested witness. *Blake* v. *Ladd,* 10 N. H. 190; *Essex Bank* v. *Rix,*

10 N. H. 201; *Bowman* v. *Noyes*, 12 N. H. 302; *George* v. *Sargent*, 12 N. H. 313.

Norris, being plaintiff on the record, was directly liable to the defendant for costs, and was, therefore, clearly incompetent, on account of his interest. A judgment for the plaintiff would discharge him from his liability for the costs of the suit. But the case shows that at the trial the objection to his competency was not put on the ground of his interest, but simply on the ground that he was party to the record. The point on which the court were called to rule was, whether the witness was incompetent because he was party to the record, and not whether he had an interest in the suit, which disqualified him. It is a general rule of practice that a party, on the hearing of a case, is confined to the grounds of exception which he took at the trial. *Whiteside* v. *Jackson*, 1 Wend. 418; *Norman* v. *Wells*, 17 Wend. 136; *Potter* v. *Deyo*, 19 Wend. 361; *Dunham* v. *Simmons*, 3 Hill 609; *Wheeler* v. *Ryerss*, 4 Hill 466; *Pickett* v. *Allen*, 10 Conn. 146, 156. In the *Essex Bank* v. *Rix*, 10 N. H. 201, where a defendant was defaulted and had an interest in the costs of the suit, which made him incompetent to testify for the other defendant, and on trial the plaintiff objected to his competency because he was a party to the suit, and did not assign his interest as a ground of objection, it was held that the objection on the ground of interest could not be urged on the hearing.

This case differs in some respects from the *Essex Bank* v. *Rix*. In that case the interest of the defaulted party was not direct in the judgment which might be rendered in the cause; for, under our statute, judgment would go against him in any event of the trial between the plaintiff and the other defendant. His interest was consequential, depending upon the claim of the other defendant, who was a surety, to recover of him the costs of the suit, in case judgment was rendered against him. But in the present case the interest of the plaintiffs is direct, and

would be concluded by a judgment for the defendant. His liability for costs is the necessary legal consequence of his relation to the suit as plaintiff on the record. It might be argued that when the objection was taken to the witness because he was party to the record, it must necessarily be implied that his interest, being direct and apparent, was intended to be relied on as a ground of exception. But the well established rule of practice, which requires that a party who objects to evidence should at the time point his objection clearly to the precise legal ground on which he means to rely, is very important to be faithfully enforced. Otherwise the court cannot be expected to understand the point upon which they are called on to rule; and the party who offers the evidence has no opportunity to obviate the objection, or waive the evidence, if on seeing the objection he should be unwilling to take the risk of the question. After some hesitation we have come to the conclusion that the rule laid down in *Essex Bank* v. *Rix* should be applied to the question raised on this part of the present case, and that the exception taken to the competency of Norris must be overruled.

We have no difficulty in holding that the witness, Rogers, could not be excluded because she had testified differently on former occasions. The contradiction went to her credit, and not to her competency.

As to the caption of the deposition, it appears to be plain, on looking at the form of it, that the signature of the magistrate was intended to certify the taking of the oath as well as the taxation of costs. There is but one place left in the printed form for the signature of the magistrate; the signature follows the whole caption, and in grammatical construction well applies to both certificates. In this the present case differs from *Burnham* v. *Porter*, 24 N. H. (4 Foster) 581, where the form of the caption evidently contemplated separate signatures of the magistrate to separate certificates of the oath and of the

taxation of costs. This objection to the deposition must be overruled.

It is quite clear, on the authority of *Latham* v. *Kenniston*, 13 N. H. 101, that Parsons, if living, would have been incompetent as a witness for the plaintiff, on account of his interest in the suit, and his estate since his death is interested in the same way. Consequently his wife would be incompetent, if she has an interest in the estate. She is entitled to a distributive share in the estate, if there is any thing to be distributed among the heirs or next of kin. It was proved on trial, to the satisfaction of the court, as we must understand the case, that the witness had no real interest in the suit, because there was no estate of her husband out of which, in any event of the trial, she could receive any thing as her distributive share. The question which arises on this part of the case is one of some difficulty, and upon which the authorities are at variance.

In some cases it has been held that where there is in contemplation of law a fund, like the estate of a deceased or bankrupt person, in which the witness may have an interest, no evidence can be received to show the state of the fund and the prior-claims upon it to be such that nothing will in fact be left for the witness, in any event of the suit on trial. *Hillhouse* v. *Smith*, 5 Day 432, 438; *Clark* v. *Hoskins*, 6 Conn. 106, 108; *Finks* v. *English*, 3 Blackf. 139. This rule has the important advantage of simplicity, and relieves the court from entering on an investigation of facts, which may sometimes prove more difficult and intricate than the main question on trial.

Other cases hold that the witness is competent, if the party who offers him shows to the court that he has no real interest, because the state of the fund is such that he can receive nothing from it in any event of the suit. *Youst* v. *Martin*, 3 S. & R. 427; *Boyer* v. *Kendall*, 14 S. & R. 178; *Edgell* v. *Bennet*, 7 Vt. 534.

Then, again, there are authorities which require the party who makes the objection to show affirmatively that the state of the fund is such as will give the witness a real interest in the result of the suit.    *Torrence* v. *Graham*, 1 Dev. & Bat. 284, 286 ; *Morse* v. *Cloyes*, 11 Barb. Su. Ct. 100.

The plaintiff here showed to the court that there was in fact no estate of Parsons out of which the witness could receive any thing as her distributive share in any event of the cause; and, on the whole, we think she was competent, and that the court in such case may receive evidence to show the condition of the estate to be such that the witness has no real interest.  If the change which the recent statute has introduced into the law on this subject, should remain permanent, the decision of this point will probably be of little practical importance.

It is further objected to the witness, Rogers, that she was incompetent, because her husband in his life time was interested in the subject matter of the suit.   There are authorities that the intimate relation subsisting between husband and wife is not to be considered as dissolved by death, so as to let in the evidence of either as to transactions occurring during their joint lives ; and that this rule is not confined to cases where knowledge of the facts came to the survivor through confidential communications of the deceased party.    *Monroe* v. *Twistleton*, Peake's Ev., add. cases 87 ; *Aveson* v. *Lord Kinnaird*, 6 East 188 ; *O'Connor* v. *Majoribanks*, 4 Man. & Granger 435.

But the authorities in this country would seem to be nearly unanimous in favor of admitting the surviving wife as a witness to matters in which her deceased husband was interested, unless she acquired her knowledge of the facts through confidential communications from her husband. *Williams* v. *Baldwin,* 7 Vt. 506 ; *Edgell* v. *Bennet,* 7 Vt. 534 ; *Smith* v. *Potter,* 27 Vt. 304 ; *Coffin* v. *Jones,* 13 Pick. 445 ; *Stanton* v. *Wilson,* 3 Day 37 ; *Ratcliffe* v. *Wales,* 1

Hill 63, 65; *Barnes* v. *Camack*, 1 Barb. 392; *Cook* v. *Granger*, 18 Ohio 526; *Stober* v. *McCarter*, 4 Ohio (N. S.) 513; *Gaskill* v. *King*, 12 Iredell 211. I am not aware that this point has been expressly decided in this State; but it is said by *Gilchrist*, J., in *Pike* v. *Hayes*, 14 N. H. 22, that "there is no reason why the wife, after the death of the husband, should not state facts which came to her knowledge from other sources, and not by means of her situation as a wife."

In this case the witness did not come to her knowledge of the facts to which she testified through any private or confidential communications of her husband, and we think that she was properly admitted.

*Judgment on the verdict.*