ABSTON-WYNNE & COMPANY *v.* WASSON.

4-2850

Opinion delivered February 6, 1933.

*Maddox & Greer* and *J. Brinkerhoff,* for appellant.

*J. G. Waskom,* for appellee.

McHANEY, J. At the time of his death, Aaron McMullin was indebted to the Bank of Tyronza on nine promissory notes in the sum of $15,542 and accrued interest. Said bank was or became insolvent and was taken over by the State Bank Commissioner for liquidation. The notes had been hypothecated with a Memphis bank to secure a loan from it. On June 10, 1931, the Commissioner caused a claim to be prepared and presented to the executors of the estate of Aaron McMullin with copies of said notes attached to the claim and exhibited to the executors who allowed the claim. This claim, as allowed by the executors, was filed in the probate court on July 24, 1931, and in December following, the claim was presented to, allowed and properly classified by the probate court. Appellants, who claim to be creditors and devisees under the will of Aaron McMullin, objected to the allowance of the claim in the probate court on several grounds, the principal one being that the original notes were not exhibited to the executors in compliance with § 100, Crawford & Moses' Digest. From the order allowing the claim in the probate court, appellants appealed to the circuit court, where the appeal was dismissed on the grounds. (1) that appellants made no showing that they or either

of them had any right to be made parties to the proceeding in the probate court, or to appeal from the judgment of such court; and (2) that the executors had knowledge of the existence of the original notes, although copies only were exhibited, and the allowance of the claim was based on such knowledge.

Assuming for the purpose of this opinion that appellants were proper parties and had the right to appeal, we are of the opinion that the judgment of the court in dismissing the appeal, which amounts to an affirmance of the judgment, is correct.

The undisputed proof is that the executors were familiar with this indebtedness, knew of the existence of the notes, that they had not been paid, and that it was a valid subsisting claim against the estate. Whether we say the statute was substantially complied with, or that the executors waived the requirement of "exhibiting the original," the result would be the same.

This court has at least three times held that the administrator may waive the copy required by the statute. *Borden* v. *Fowler,* 14 Ark. 474; *Grimes* v. *Bush,* 16 Ark. 647; *Grimes* v. *Booth,* 19 Ark. 224. Section 100 of the statute reads as follows: "Any person may exhibit his claim against any estate as follows: If the demand be founded on a judgment, note or written contract, by delivering to the executor or administrator a copy of such instrument, with the assignment and credits thereon, if any, exhibiting the original, and if the demand be founded on an account, by delivering a copy thereof, setting forth each item distinctly and the credits thereon, if any."

If the executor or administrator may waive the copy required by the statute, we think it necessarily follows that he may waive the exhibiting of the original. It is true that we held in *Friend* v. *Patterson,* 150 Ark. 577, 234 S. W. 978, that the provision of the statute requiring the original to be exhibited is mandatory, but in that case the administrator, Friend, contested the allowance of the claim on the ground that the original written instrument was not exhibited. The court there stated the reason for

the rule and the purpose of the statute as follows: "The statute conserves a wise purpose, inasmuch as it was intended to prevent possible mistakes, frauds, or forgeries, by giving to the executor or administrator the opportunity to examine the original instrument which is the basis of the claim before approving or rejecting it." The court, in the cases above cited, gave a similar reason for the provision of the statute relating to a copy. In the case of *Friend* v. *Patterson,* there was no evidence of waiver, and no substantial compliance. Here, however, when the claim was presented to the executors, they promptly allowed it, knowing of its justice, and made no demand for the original notes.

There was substantial evidence to support the findings of the circuit court, and its judgment is affirmed.