upon the defendant's motion, sustained by his affidavits, to set aside the judgment by default. As it does not appear to us, that the district court improperly exercised the discretion vested in it, in refusing to set aside the judgment by default, upon the affidavit filed, the judgment of the district court is affirmed.

## CHERRY, Guardian, v. McCORKLE.

The rule excluding parties from being witnesses, applies to all cases where the party has any interest at stake in the suit, although it be only a liability to costs; and this rule has not been changed by the Code.

*Appeal from the Lee District Court.*

SATURDAY, JUNE 11.

CHERRY, as guardian of Samuel Anderson, claimed one hundred dollars, " as a balance due on a note, which was given up by plaintiff to defendant, through mistake, upon agreement that if the mistake existed, it should be rectified." On the trial in the district court, the plaintiff, Cherry, was offered, as a general witness, to prove the cause of action. Defendant objected, the objection was sustained, and judgment being rendered against plaintiff, he appeals.

*F. Semple,* for the appellant.

*J. M. Beck,* for the appellee.

WRIGHT, C. J.—The witness was incompetent. The rule excluding parties from being witnesses, applies to all cases where the party has any interest at stake in the suit, although it be only a liability to costs. Such is the case of a *prochein ami,* a guardian, an executor or administrator, and so also of trustees, and the officers of corporations, whether

public or private, wherever they are liable in the first instance for the costs, though they may have a remedy for reimbursement out of the public or trust funds.    1 Greenleaf Ev., sects. 347, 401 and 402 ; *Sears* v. *Dillingham*, 12 Mass., 360 ; *Bellamy* v. *Cains*, 3 Rich., 364.    The Code has not changed this rule; but, on the contrary, has expressly provided, that though a minor may sue by guardian, such guardian shall be responsible for the costs of the suit.    Section 1688.

Judgment affirmed.

## THE STATE OF IOWA *v.* CROGAN.

Under section 2721 of the Code, which prohibits the keeping of gambling houses, the offense is as complete, if the house is kept for that purpose for one day, as if kept for a year.

To show that the place charged is kept as a gambling house, within the meaning of section 2721 of the Code, it may be shown that it was thus used continuously, but it is not necessary to charge such use in the indictment.

In an indictment for keeping a gambling house, it is not necessary to state the location of the house kept, further than to show the proper venue ; but where the indictment alleges that the building is situate on a particular lot, the proof must sustain the allegation.

Where the place is stated in an indictment, as a matter of local description, and not as venue, it is necessary to prove it as laid.

*Appeal from the Linn District Court.*

SATURDAY, JUNE 11.

THE indictment charges that the defendant did, on, &c., at, &c., keep a grocery building, situated on  lot, (describing the lot), resorted to by divers persons, for the purpose of gambling, contrary, &c.   To this indictment there was a demurrer, upon the ground that it did not show a continued keeping for the purpose alleged.  This was overruled, and on the trial, the defendant asked the court to instruct the jury,