The State of Iowa v. Lyon.

THE STATE OF IOWA v. LYON.

1. IRRELEVANT EVIDENCE.    Evidence which, when abstractly considered would be irrelevant, may be admitted when it tends to explain facts pertinent to the issue.
2. PRESUMPTIONS.    When the bill of exceptions does not disclose the whole of the evidence it will be presumed there was sufficient to warrant the finding of the jury.
3. VERDICT AGAINST EVIDENCE.    This court will not reverse a judgment below on the ground that the verdict was against the weight of evidence unless it is *clearly* and *manifestly* so.

*Appeal from Lee District Court.*

FRIDAY, APRIL 6.

INDICTMENT charging defendant with lewdly and lasciviously cohabiting with a woman who was not his wife.

The bill of exceptions recites : "That after calling several witnesses who knew nothing relevant to the case, he, (the District Attorney,) called one Mrs. Wells, who testified as

follows." After reciting the testimony of Mrs. Wells and Mrs. Powdon, it continues: "The above is in substance all the evidence given in the case." The remaining facts necessary to an understanding of the case are presented in the opinion of the court.

*F. Semple* for the appellants.

The evidence showing that defendant had a wife and children and had deserted them was irrelevant and should not have been admitted. *The State* v. *Tweedy,* 5 Iowa 433; Greenl. Ev. Tit. Indictment.

*S. A Rice,* Attorney General, for the State.

Lowe, C. J.—Defendant was indicted under section 2109 of the Code, for lewdly and lasciviously cohabiting with a woman to whom he was not married. Pleaded not guilty, was tried and convicted, and from the sentence and judgment of the court appeals, assigning the following cause of error:

1. In admitting the evidence of one John A. Miles, who testified in effect that defendant had a wife and children whom he had deserted.

It is claimed that this testimony was irrelevant and should not have been received. The force of this objection is not perceived. It is true that, considered abstractly and apart from the other evidence, it would amount to nothing, but taken in connection with the other facts proven in this case, it does tend to explain and illustrate the conduct of defendant to some extent, and for that reason was properly admitted.

2. The other cause assigned for error was the overruling of the motion for a new trial, for the alleged reason that the verdict of the jury was against the law and the evidence.

There is no pretense that the verdict was against law, but it is claimed that it was against the evidence. The bill of exceptions does not purport to embody the whole of the evidence, but only the substance of the same. The rulings of

this court have been so frequent, and and the practice so well settled upon this subject that we hardly deem it necessary to repeat the principles that have controlled and must continue to control our action in such cases.

When the bill of exceptions does not profess to disclose the whole of the evidence, this court will presume there was sufficient to warrant the finding of the jury, and we think it would be an unsafe interference with the discretion conferred upon the court below in granting and refusing new trials, to reverse on the ground that the verdict is against the weight of evidence unless it is *clearly* and *manifestly* so. 7 Iowa 90, 232; 1 Ib. 98; 5 Ib. 476; 3 Ib. 571; 6 Ib. 553; 4 G. Greene 539.