## LEA v. ROADS.

1. **Bill of exceptions:** CERTIFICATION OF EVIDENCE. The Supreme Court will not disturb the action of the District Court in overruling a motion for a new trial based upon insufficiency of evidence, unless the bill of exceptions purports to embody all the evidence.

2. —— APPLICATION OF RULE. A bill of exceptions which recited that the plaintiff was "introduced as a witness, and testified substantially as follows," also, that "the cross-examination of defendant was long and severe, and this bill of exceptions contains merely the substance of the material parts of it," and concluded, "that the above was substantially all the evidence introduced in the cause," was held insufficient.

*Appeal from Des Moines District Court.*

THURSDAY, JUNE 20.

PLAINTIFF claims over one thousand dollars, with interest, alleging that defendant, in 1856, having so much of plaintiff's money in his hands, converted the same to his own use, etc. Answer in denial; trial and verdict for plaintiff; motion for new trial; order sustaining the same, unless plaintiff would remit a certain amount; the remittitur was entered within the time fixed; motion then overruled, and defendant appeals.

*Charles H. Phelps* and *Tracy & Newman* for the appellant.

*J. C. & B. J. Hall* and *Strong & Smythe* for the appellee.

WRIGHT, J.—The only point made in this court is that the verdict was not sustained by the evidence, and, as a consequence, that the court below erred in refusing a new trial. Appellees insist that the record does not sufficiently show that we have all the testimony· and that if it does, the verdict was warranted.

1. BILL OF EXCEPTIONS: certification of evidence.

We turn, then, first, to the record and find it in this condition: The plaintiff was "introduced as a witness and testified *substantially as follows.*" Plaintiff and defendant were the only witnesses. Their correspondence, running through several years, was also produced. The bill of exceptions recites "that the cross-examination of Roads (defendant) was long and severe, and this bill of exceptions contains merely the substance of the material parts of it," and concludes: "The above was substantially all the evidence introduced in the cause." And now the question is, in this condition of the record, can we in view of the former adjudications of this court, and well-settled rules, say that we have all the testimony, and thus re-examine defendant's claim for a new trial. It seems to us, not.

Upon this subject there is an unbroken series of decisions, that, before this court will interfere with a verdict because against the evidence, the bill of exceptions must embrace or embody the whole evidence; and where it does not, this court will presume that there was sufficient to warrant the verdict. As to this there is and can be no controversy. If it is all embodied, it is easy to so state in plain and concise language. The judge knows whether it does or not. If there is any thing omitted, in his opinion, he should have it inserted, when counsel ask such a certificate. And, in the discharge of this duty, there should be neither hesitation nor refusal. And particularly so, as by the language of the act of 1866 (ch. 49, p 43), it is provided that a cause may be reviewed here without a motion for a new trial in the court below, or finding of facts, where the judge certifies that the record contains *all the evidence.* Why there should be difficulty on this subject, as suggested by counsel, we cannot conceive. And if, in this particular case, injustice shall result, for want of the proper certificate, while we shall regret it, we could not,

for that reason depart from well-settled rules. To the suggestion, however, that some records have been considered by us, in no essential particular different from this, it is answered that the objection was not made; parties did not differ, and, being technical, we did not ourselves allow the case to turn on it.

Now, it was held, in effect, in *State* v. *Lyon* (10 Iowa, 340), and *State* v. *Hockenberry* (11 Id., 269), that a recitation that the bill of exceptions contained the substance of the testimony, was not sufficient to show that it was all before us. And, in principle, these cases decide this.

It is not pretended that the *substance* of *all* the cross-examination of the defendant is certified to us, but merely the substance of the *material parts*. We should have all the evidence, as the jury had. They judged of what was material, and the facts, as detailed to them, are what the party should bring here, if he expects a new trial on this ground. The rule is plain. It is just and fair to litigants. If we dispense with a compliance with it, and allow any thing less to answer in one case, then something less will do in the next, and soon it would be of little practical use or effect. In no other method can we have that certainty pre-eminently demanded upon such questions in a court of last resort. Indeed, in our conviction, a rule less strict would tend to impair and prejudice the rights of litigants, and this leads us to re-affirm what we have heretofore said, and to firmly uphold, rather than lower, the standard.

As indicative of the strict rule held on this subject in other States, see *Ford* v. *Mitchell* (21 Ind., 54, and the cases there cited); also *Knowlton* v. *Culver* (1 Chandler, 214); *Harmon* v. *Thornton* (2 Scam., 355); *Buckmaster* v. *Cool* (12 Ill., 75); *Love* v. *Moynahan* (16 Id., 279). We do not hold that the very words, "this was all the testimony," should be used to answer the rule. To say,

" and there was no other testimony," or, " the case was submitted on this testimony alone," or like language, would be sufficient. The bill of exceptions before us, however, falls far short of the cases supposed. If " substantially all " means " all," then let it be so stated, and not leave to inference that which is susceptible of being placed beyond all doubt. Nor, finally, in answer to a suggestion of counsel, should there be difficulty in complying with this rule, from a supposed necessity of stating the precise words used by witnesses. This is not required. Such a literal transcript is no more expected than a daguerreotype of each witness. The judge hears the testimony—he may readily know what it was, not every word, every question and answer, but what did this witness or the other, and all of them, testify to—and, knowing this, he ought to be able to certify to the fact that it is all embodied in the bill of exceptions. The certainty required may be easily attained.

Affirmed.