## McKenzie, Administratrix, v. Kitler.

1. **Evidence:** ERROR WITHOUT PREJUDICE. The admission of irrelevant and unimportant testimony which could not have had the effect of prejudicing the rights of the party objecting, will not be regarded as sufficient to justify a reversal.

2. —— ADMISSIONS OF ADMINISTRATOR: STATUTE CONSTRUED. Section 2393 of the Revision, which provides that an administrator shall not admit claims until the claimants have sworn to their correctness, and that the same rule shall apply to payments or set-offs, was not intended to abrogate the general rule admitting in evidence the declarations and admissions of parties to the record. It is accordingly *held*, that the admissions of an administrator as to the amount of payments that had been made on a note held by the estate were admissible in an action wherein he was a party.

3. **Bill of exceptions:** CERTIFICATION OF EVIDENCE. The Supreme Court will not review the finding of the court below on the facts, under a bill of exceptions, which states that the evidence is given in *substance*, and that no other material evidence was heard by the court.

*Appeal from Dubuque District Court.*

Monday, June 21.

This is a proceeding in equity to foreclose a mortgage. Decree for plaintiff in the sum of $70.12, who appeals to this court.

*Wilson & Doud* for the appellant.

*D. E. Lyon* for the appellee.

BECK, J. — I. Upon the trial the attorney of defendant, as a witness for him, testified to certain conversations he had

1. EVIDENCE: error without prejudice.

with the attorneys of plaintiff in relation to the claim and the amount due thereon, and also to conversations he had with the plaintiff in negotiations with her for the settlement of the claim, wherein she admitted certain payments, and made declarations as to the amount that should be credited upon the note. This evidence was objected to, and exceptions to its admission taken at the proper time. The first assignment of error of plaintiff's counsel relates to the admission of this evidence.

The admissions and declarations of the attorneys of plaintiff, given in evidence, admitting them to be incompetent, are hardly grounds of error that will operate to reverse the case. They were unimportant and irrelevant, and related exclusively to propositions for settlement made by defendant; and the only positive declaration made by them was to the effect that their client refused to accede to the terms proposed. They in fact made no declarations prejudicial to the interest and claim of plaintiff. The admission of the evidence, if error, was without prejudice.

The witness testified that he and the attorneys of plaintiff calculated the interest upon the claim secured by the mortgage at a certain rate of interest, and found the amount due to be $47.60 at that time. No declarations or admissions, coupled with this act of computation, were given in evidence. The same fact was proved at an earlier stage of the case by plaintiff's witness without objection. There is no error in its repetition by defendant's witness.

II. It is insisted that the court erred in admitting evidence of the declarations of plaintiff as to the amount

**2. —— admissions of administrator: statute construed.** paid upon the note. Revision, section 2393, is relied upon to sustain this objection. This section provides that the administrator shall not admit claims until the claimant has sworn to their correctness, and that this rule shall be observed in rela tion to payments or set-offs to demands due the estate. The provision is not intended, in actions wherein the administrator is a party, to abrogate the general rule admitting in evidence the declarations and admissions of parties to the record. 1 Greenl. Ev. § 171. It is alone applicable to proceedings in the county court to establish claims against the estate, or to settle demands held by the administrator as assets. It is intended to restrain the administrator from settling such claims and demands without evidence and in his own discretion, and is not intended to operate as a rule of evidence in actions wherein the administrator is prosecuting or defending. The evidence as to the admissions of the administratrix was properly admitted.

III. The plaintiff assigns as an error that the finding **3. BILL OF EXCEPTIONS: certification of evidence.** of the court is against the evidence. The bill of exceptions certifies the evidence as given in substance, and that no other material evidence was heard by the court.

We cannot review the facts unless all of the evidence appears in the record, and the bill of exceptions does not show such to be the fact. The substance of what may be claimed the material part of the evidence would, most probably, give us a very inaccurate idea of the facts upon which the judgment of the court was based. Such certificates of evidence have been often held insufficient. See *The State* v. *Lyon*, 10 Iowa, 340 ; *Lea* v. *Roads*, 22 id. 408 ; *Winslow et al.* v. *Turner et al.*, 20 id. 294.

Affirmed.