## DAVIS & ATLEE v. CARD.

### Appeal from Lee District Court — Saturday, February 24.

BILL OF EXCEPTIONS: CERTIFICATION OF EVIDENCE.

ACTION to recover of defendant the amount of a subscription made by her to the stock of the Fort Madison, Farmington and Western Railway Company. Trial by the court; judgment for plaintiff, and defendant appeals.

*Gilmore & Anderson* for the appellant — *John Van Valkenburg* for the appellees.

MILLER, J. — The defense in this case is two-fold. First. That the defendant never executed the subscription sued on. Second. Coverture. The principal ground relied on in this court for a reversal of the judgment is, that under the evidence the defendant, admitted to be a married woman, is not liable on the contract.

The evidence given in the court below is not abstracted under the rules of this court, but the bill of exceptions, which purports to contain "*substantially* all the evidence introduced in the case," is set out in full in the printed record.

Under the former decisions of this court we cannot review the questions involved in this case.

In *Lea* v. *Roads*, 22 Iowa, 408, it was held that the supreme court will not disturb the action of the district court in overruling a motion for a new trial, based upon insufficiency of evidence, unless the bill of exceptions purports to embody *all* the evidence, and that it is not sufficient to recite in the bill of exceptions that a party " was introduced as a witness and testified *substantially* as follows ; " and the conclusion of the bill of exceptions as follows : " that the above was *substantially* all the evidence introduced in the cause," was also held insufficient to authorize the court to say that all the evidence was before the court.

In *McKenzie* v. *Kitler*, 27 Iowa, 254, the bill of exceptions stated that it contained the evidence " *in substance*, and that no other material evidence was heard by the court," and it was held that it was insuf ficient to authorize a review of the finding of the court below.

In *Jemmison* v. *Gray*, 29 Iowa, 537, the bill of exceptions certified that it contained " *substantially* all the evidence," as in this case, and it was held insufficient. The same ruling will be found in *The State* v. *Lyon*, 10 Iowa, 340 ; and in *Winslow* v. *Turner*, 20 id. 294.

What evidence may have been omitted from the bill of exceptions we have no means of knowing. That there might have been evidence tending to show that the contract was made in respect to the separate property of the defendant is possible and will be presumed in the absence of a certificate that all the evidence is before us. That it is *substantially* all here is not enough. We should have it all before us in order that this court may determine what is *substantial* and what is not. Under the rules requiring printed abstracts, however, the appellant may so abridge the evidence as to give that which is material only, leaving out that which is not, and unless the appellee objects that the evidence is not all thus abstracted he will be held to agree that all the evidence is contained in the record. And it will be so deemed unless the appellee himself shall supply what he claims has been omitted in the appellant's abstract. But in the case before us the bill of exceptions is printed in full and does not purport to contain all the evidence, hence it would be impossible for the appellee to supply

what has been omitted from the bill of exceptions. We will therefore presume that the evidence omitted from the bill of exceptions, with that contained therein, would be sufficient to warrant the finding and judgment of the court below.

Affirmed.

BECK, Ch. J., took no part in the decision of the case.