SCHMID, *Admr.*, v. KREISMER, *Admx.*

1. **Evidence: ADMISSIONS OF ADMINISTRATOR.** The admissions of an administrator are admissible in an action against him.

2. —— **ADMINISTRATOR.** While generally an administrator is a competent witness for the estate, under section 3980 of the Revision, this provision does not apply, and the administrator is not competent, in a case where the adverse party is also an administrator Rev., § 3982.

*Appeal from Dubuque Circuit Court.*

FRIDAY, JUNE 9.

THE plaintiff filed in the Dubuque county circuit court a petition claiming of Johanna Kreismer, as administratrix of the estate of John Kreismer, deceased, the sum of $1658.25, and interest, alleged to be due from said estate upon account.

The account was properly sworn to, and was admitted by the defendant, as follows: "I hereby accept, service of notice of the within claim, and admit the correctness of the same.

"JOHANNA KREISMER, Admx."

The answer of the defendant denies indebtedness, and alleges that the admission of the claim was obtained through fraud and misrepresentation. Trial by jury. Judgment for plaintiff for $750. Defendant appeals. The necessary facts appear in the opinion.

*L. H. Cady* and *Roberts & Fouke* for the appellant.

*Shiras, Van Duzee & Henderson* for the appellee.

DAY, Ch. J.—I. On the trial the court, against the defendant's objection, permitted her written admission of the

correctness of the claim to be read in evidence. This ruling is assigned as error. The evidence shows that the defendant

**1. EVIDENCE: admissions of administrator.** is the widow of John Kreismer. That Kreismer died intestate and without issue; that his father and mother are dead, and that he has sisters residing in Germany. That the defendant is not only a party to the record, but, as the heir of John Kreismer, she is personally and directly interested in the controversy. Under such circumstances, we consider evidence of her admissions clearly competent. The general rule is, that the declarations of a party to the record are, as against such party, admissible in evidence. 1 Greenl., § 171. And this rule applies to all cases where the party has any interest, however the interest may appear, and whatever may be its relative amount. Id., § 172. The only qualification of the rule is, that the interest must exist at the time the admission is made. Id., § 179. That the admission of an administrator is admissible in an action against him, see *McKenzie* v. *Kitler*, 27 Iowa, 254; *Faunce* v. *Gray*, 21 Pick. 245; *Hill* v. *Buckminster*, 5 id. 392.

II. The defendant called as a witness Johanna Kreismer, the defendant, and offered to prove by her certain facts

**2.——administrator.** material to the case, which had transpired previous to the death of Magdelena Schmid. The plaintiff objected thereto, upon the ground that the defendant could not testify as to any facts that transpired previous to the death of Magdelena Schmid. The objection was sustained, and this ruling the defendant assigns as error. At common law, and under the Code of 1851, an administrator was, on the ground of interest, not competent as a witness in behalf of the estate. 1 Greenl. on Ev., §§ 347, 401, 402; *Cherry* v. *McCorkle*, 8 Iowa, 522. The Revision, section 3980, removes the general disqualification of witnesses on the ground of interest, and renders executors and administrators generally competent to testify in behalf of the estates they represent.

But under the provisions of section 3982 of the Revision, section 3980 does not apply where the adverse party is the executor of a deceased person. Thus the competency of the defendant, dependent upon the provisions of section 3980, is, in this particular case, removed by section 3982. The court did not err in rejecting the proposed testimony.

Affirmed.