GEORGE FAULKNER, AND OTHERS, PLAINTIFFS IN ERROR, V. PHILIP MEYERS, DEFENDANT IN ERROR.

1. Replevin: PRACTICE: VERDICT: JUDGMENT. In replevin, where the jury by general verdict find the right of possession in the plaintiff, assessing damages for the detention of the property, this will support a judgment in his favor, although several specific questions were submitted to the jury, to some of which no answers were returned.

2. ——: ——. In such case no objection being made at the return of the verdict, nor until after the jury are discharged, it is too late, afterward, to complain of the omission.

3. Practice: SUFFICIENCY OF EVIDENCE. If the record does not show that *all* of the evidence introduced on the trial has been preserved and brought into the supreme court, its entire sufficiency to support the verdict cannot be questioned.

4. ——: BILL OF EXCEPTIONS. Where the presiding judge certifies only that the testimony set out in the bill of exceptions "is *in substance* all the evidence on the trial of this cause, and there was no other evidence material to the issue offered by either of the parties," the finding will not be interfered with.

5. ——: INSTRUCTIONS. Where the jury were told to disregard "all evidence in relation to bills upon which the witnesses were examined," but it not appearing what these "bills" were, nor what the testimony respecting them was, no error in this particular is apparent, and the propriety of the instruction will be presumed.

6. Attachment of Mortgagor's Interest in Goods. An ordinary creditor may, by proceedings in attachment, subject the interest of a mortgagor of goods and chattels in the hands of the mortgagee to the payment of his debt. The plain, orderly course in such case is by garnishment, whereby such interest can be ordered paid over to the attachment creditor.

ERROR from the district court of Richardson county, the case being thus:

Challiss, Druery & Co. obtained a judgment in the county court of Richardson county against George Roy and John H. Meyers, a partnership firm, doing business in Falls City, as Roy & Meyers, and caused an execution to be issued and levied upon property belonging to the firm. At the same time, William Jackson & Co. commenced an action in the same court against Roy & Meyers, and caused an order of attachment to be issued and levied upon the same property. Philip Meyers, the father of John H. Meyers, then commenced this action to replevy from the sheriff, Faulkner, the property so levied upon, claiming the possession of the goods in controversy by virtue of a mortgage given him thereon to secure the payment of $400. The attachment creditors were brought into the cause as defendants. On the trial judgment was rendered in favor of Philip Meyers, and a motion for a new trial having been overruled, the defendants in said action brought the case to this court by petition in error.

*Schoenheit, Towle & Thomas*, and *Isham Reavis*, for plaintiffs in error, reviewing the evidence, which was not, however, considered by the court for reasons stated in the opinion, cited *Kreis v. Gorton*, 23 Ohio State, 471. *Tills Case*, 3 Neb., 261. *Sauntry v. Dunlap*, 12 Wis., 364. *Padgett v. Lawrence*, 10 Paige, 180. *Lewis v. Anderson*, 20 Ohio State, 281.

*George P. Uhl*, for defendant in error.

In this cause the bill of exceptions purports to contain *only the substance* of the evidence, and it is not pretended that a tenth part of the evidence is here. There is therefore no sufficient bill of exceptions to enable the

court to review the matters passed upon by the district court. *Homan v. Laboo*, 1 Neb., 204. 33 Iowa, 593. 20 Iowa, 335. 4 Neb., 22 and 569. The instructions in this cause and the motion for a new trial were all based upon the evidence given at the trial; and there being a want of a sufficient bill of exceptions, both the instructions and the motion for a new trial ought not to be inquired into.

LAKE, CH. J.

This is a petition in error to reverse the judgment of the district court of Richardson county, and the first error assigned is, that " the court erred in rendering judgment on the verdict."

There is nothing in this objection. The jury found that at the commencement of the action the plaintiff in the court below was entitled to the possession of the property in question, and assessed his damages by reason of the detention at $175. Of these damages he remitted $174, and thereupon judgment was rendered in due form in his favor for the possession of the property and one dollar damages.

Several questions were also submitted to the jury, upon which they were instructed to find specially. Several of these questions were returned into court unanswered. This, it must be admitted, was rather loose practice. If questions are considered of sufficient importance in the decision of a case to be worthy of submission to the jury, it would certainly seem that they ought to be answered. But the plaintiffs in error are not in a situation now to take advantage of this omission. No objection was made when the verdict was returned, nor until after the jury had been discharged, and it must therefore be deemed to have been waived. If they desired full and complete answers they should

Faulkner v. Meyers.

have been .vigilant and brought the matter to the attention of the court at the very first opportunity, and while the defect could have been remedied by sending the jury back to their room to complete their work. Answers to these questions were not necessary to support the judgment—the general verdict being ample for this purpose.

It was also urged that the verdict was not supported by the evidence, but the bill of exceptions is not in a ·condition to enable us to examine this question. We have frequently held that in order to justify this court in reviewing the evidence it must appear to have been all preserved and brought before us. This is a sound rule of practice from which we can in no case depart. *The Midland Pacific R. R. v. McCartney*, 1 Neb., 398. Here we have what the presiding judge certifies "is in substance all the evidence given on the trial of this cause, and there was no other evidence material to the issues offered by either of the parties." But this will not answer. In *The Omaha and Northwestern R. R. Co. v. Menk*, 4 Neb., 21, we held that it was not enough to state that the bill of exceptions contained "the substance of the evidence bearing upon the issues," and therefore refused to re-examine questions of fact. Upon this precise point we would also cite *Davis et al. v. Carol*, 33 Iowa, 592.

The only remaining objections relate to the instructions given to the jury at the request of the defendant in error, and to the refusal to instruct as requested by the plaintiffs. As to the instructions given, save one, it may be said that they lay down the most simple propositions of law applicable to the duty of the jury in such a case, and to which no objection was urged on the argument. By the third instruction, however, the jury were told to disregard " all evidence in relation to bills upon which the witnesses were examined." This was

29

equivalent to a withdrawal from the jury of all testimony respecting certain " bills," but what these " bills " were, or what the testimony respecting them was, we are not informed.   The error, if any were committed by this instruction, is not shown, and it is only " for errors appearing on the record," that a judgment of the district court may be reversed.   Code of Civil Procedure, Sec. 582.

There were several instructions, requested by the plaintiffs in error, refused.   These related to the right of an ordinary creditor, by attachment, to subject the interest of a mortgagor of goods and chattels, *in the hands of the mortgagee*, to the payment of his debt.   As abstract propositions of law these instructions were in the main correct, but having no application to the case on trial they were very properly refused.

There is no doubt, however, that the equity of redemption in property, so circumstanced, may be reached by attachment.   The plain, orderly course to pursue in such case is by garnishment, whereby whatever may remain of the mortgaged goods beyond that which shall be found necessary to satisfy the mortgage debt and interest, and the costs of sale, can be ordered paid over to the attachment creditor.   And we are not prepared to say, but that, even in this case, the court might properly have ordered such surplus to be so applied. But this particular question is not now before us, as the court was not requested to make such an order.

Inasmuch as there is no error appearing of record, the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.