WALKER ET AL. v. BEAVER ET AL.

1. **Evidence**: DEED: PRACTICE.    Where, after amendment, a tax deed was admitted in evidence, which had been rejected before the amendment was made, *held*, that the rejection of the deed in the first instance did not constitute error of which advantage could be taken.

2. **Practice in the Supreme Court**: TRIAL DE NOVO.    A case will not be tried *de novo* in the Supreme Court unless all the evidence in the case is presented on appeal and so certified by the trial judge.

3. ——— : STARE DECISIS.    Prior decisions of the court will not be reconsidered upon objections of counsel without argument.

*Appeal from Worth District Court.*

THURSDAY, APRIL 10.

ACTION in chancery to quiet the title of certain lands.    The relief sought by plaintiffs was refused, and the title of the lands was declared to be in the defendant.    Plaintiffs appeal.    The facts of the case appear in the opinion.

*C. C. Cole*, for appellants.

*Butler & Bro.* and *Wright, Gatch & Wright*, for appellees.

BECK, CH. J.—I.    The plaintiffs claim title to the lands in controversy under tax sales and deeds made thereon.    The defendant Mitchell, who alone appears to claim the land involved in the action since the appeal, claims the land under patent from the government, and alleges in his answer that there was a fraudulent combination at the tax sale to prevent competition; that, while the deed recites the land was sold at an adjourned sale, no adjournment was had; that the sale was illegal because made upon a holiday, the 25th of December; that the sale of all the land was *en masse*,

Walker v. Beaver.

·and that the county treasurer making the sale was the agent ·of the purchaser. Of all these things, it is averred, plaintiffs had full notice.

By an amendment to the petition plaintiff alleges that the ·sale was held on the 25th day of December by regular ad-journment from the first Monday of October, and that through mistake the deed was made to recite that the sale was begun and ·held on the 25th of December. The treasurer of the ·county was made a defendant, and the amended petition ·prays that the mistake be corrected.

II. The first error complained of is the refusal of the ·court to admit in evidence the tax deeds under which plain-

1. EVIDENCE: deed: prac-tice.
tiffs claim. The record does not sustain the fact upon which the objection is based. It appears ·that the amendment to the petition above referred to was made after the trial began. The court having rejected the deeds, the amendment making the treasurer a party and averring the mistake was made to meet this ruling. There-upon the deeds were offered and received in evidence, the court holding them admissible on the ground that plaintiff ·proffered to introduce evidence for the purpose of correcting ·them. The deeds were in fact admitted in evidence, and plaintiff took no exceptions to the manner of their admission.

But counsel for plaintiff insists that the deeds were admis-·sible in evidence without the amendment to his petition; that ·they ought to be construed to recite that the sale was regu-larly adjourned, and that the deeds themselves raise the pre-·sumption that the sale was made at a proper time. All this ·may be true. But it appears that the plaintiff abandoned these positions in the court below, or at least did not rely upon them, and by amending his petition so as to meet the ·rulings of the court pursued another course, and sought to ·show the mistake in the deeds and secure its correction. In this manner he secured the admission of the deeds in evidence ·under the issues of his amended petition. He surely cannot,

upon appeal, abandon the course he adopted in the court below.

But the deeds were in fact admitted in evidence, and they can be considered for the purpose of establishing any facts for which they are competent. If they have the force claimed for them by counsel, the plaintiffs will have their full benefit.

III. The plaintiffs insist that the decree of the court is not supported by the evidence. The cause is not triable here *de novo*. No order at the appearance term was made for trial upon written evidence, as required by Code, § 2742. (The case was tried before the enactment of chapter 145, Acts Seventeenth General Assembly). We have repeatedly held that compliance with this provision is necessary to secure trials *de novo* in this court. Our decisions on this point are many, and familiar to the profession.

IV. The plaintiffs insist that the cause is triable *de novo* here, but present it upon errors assigned upon the record.

2. PRACTICE in the supreme court: trial de novo. These alleged errors call in question the sufficiency of the evidence to support the decree. But it is not made to appear that we have before us all the evidence. We cannot, therefore, question the correctness of the decision of the court below.

The judge certifies that "the transcript from the reporter's minutes of the evidence is substantially full and complete, and, to the best recollection of the judge, is all the evidence received on the trial of the cause." It is very plain that we cannot review the decision of the court below unless we have all the evidence. The presumption in favor of its correctness will supply any deficiency of proof unless all the testimony be before us. It will not do to give us evidence "substantially full and complete;" "to the best recollection of the judge." The law is not administered in such uncertainty. In the great number of cases that come before us for trial *de novo*, the parties have no trouble in preserving and bringing here *all* the evidence, without doubt or question as to its completeness. There would be no safety in a rule which in any case would permit

us to try it upon the substance of the evidence introduced in the court below, according to the recollection of the judge.

We have refused to review the finding of the court below upon the substance of the evidence (*McKenzie v. Kitler*, 27 Iowa, 254), or upon what is certified to be "all the material evidence" (*Hubbard v. Epperson*, 40 Iowa, 408). The showing made by the certificate of the judge fails to assure us that we have before us all the testimony upon which the parties rested their case in the court below.

The plaintiffs present, as a part of the record, an affidavit of the short-hand reporter who took the evidence in the court below, stating that the record contains "a true and correct transcript of the testimony as taken by me," etc. It is sufficient to remark that this statement fails to show that we have *all* the evidence before us, without calling attention to the fact that the court, and not the reporter, is charged with the duty of certifying the evidence to this court.

Other questions raised by the plaintiff's assignment of errors are not discussed by counsel. We are, therefore, not required to consider them.

V. By the decree of the court the plaintiff recovered against defendants the amount, as found by the court, to which they are entitled on account of taxes paid, and interest, cost and penalties thereon. From this provision of the decree defendants appeal. It is in accord with our former decisions. Counsel object very strenuously to the correctness of these decisions on this point, and without giving us any light of argument ask us to reconsider them. We know of no reason why we should, upon counsel's invitation, imagine objections to these decisions and answer them, or proceed in the exploration of a new field of inquiry without the company and guidance of the learned counsel.

We discover no error in the case. The judgment upon both appeals is

AFFIRMED.