ROE v. WILMOT.

1. **Practice in the Supreme Court: TRIAL DE NOVO.** An abstract purporting to contain "all the evidence bearing upon and introduced to sustain the issues and findings as to which the plaintiff appealed" is not sufficient to entitle the appellant to a trial *de novo*.

*Appeal from Cherokee District Court.*

THURSDAY, OCTOBER 9.

ACTION in equity to settle a partnership account. The court found that there was due the plaintiff for capital furnished the sum of ten thousand dollars; that there was due the defendant, Wilmot, the sum of two thousand two hundred and seventy-nine dollars and forty-two cents, and to Mrs. C. M. Wilmot the sum of three hundred and eighty-six dollars and thirty-nine cents. It also found that certain other sums were due to certain other creditors respectively. It made a decree for the appointment of a receiver, who was directed to rent the real estate for the cropping season of 1879 for cash or good approved notes, which the receiver could sell at a dis-

count of not more than ten per cent, and apply the rent and proceeds of the personal property in payment of the debts, and sell the real estate for payment of debts only in case the other assets should be insufficient. The plaintiff moved for an order directing the receiver to sell all the property, both real and personal, which motion the court overruled, but directed the receiver to report at the next term what the real estate could be sold for.

The plaintiff appealed from the order overruling this motion, and from so much of the decree as allowed the claim of the defendant Wilmot for two thousand two hundred and seventy-nine dollars and forty-two cents, and the claim of Mrs. C. M. Wilmot for three hundred and eighty-six dollars and thirty-nine cents.

*Eugene Cowles* and *J. D. F. Smith*, for appellant.

*Joy & Wright* and *Kellogg & Herrick*, for appellee.

ADAMS, J.—An order was made at the appearance term that the case should be tried upon written evidence. It is before us, therefore, for a trial *de novo*, if it is triable at all. The appellee insists that it is not triable at all, because the abstract does not purport to contain all the evidence. The abstract purports to contain "all the evidence bearing upon and introduced to sustain the issues and findings as to which the plaintiff appealed." In our opinion this is not sufficient. We do not decide whether it would have been sufficient if the abstract had purported to contain all the evidence introduced upon the issues, etc. Such statement would have been broader than the one made, and less open to objection. There might have been evidence introduced to sustain the issues, and which in the judgment of the plaintiff did not bear upon the issues. Such evidence the abstract does not purport to contain. In *Lea v. Roads*, 22 Iowa, 408, a bill of exceptions which purported to contain the substance of the material parts of the evidence

*1. PRACTICE in the supreme court: trial de novo.*

was held to be insufficient. The court said: "We should have all the evidence as the jury had. They judged of what was material, and the facts as detailed to them are what the party should bring here if he expects a new trial on this ground."

In *McKenzie, Adm'x, v. Kitler*, 27 Iowa, 254, a bill of exceptions was held to be insufficient which stated that the evidence was given in substance, and that no other material evidence was heard by the court. We think that the principle involved in the objection urged to the abstract is substantially the same. The plaintiff insists that the court erred in not directing an immediate sale of the real estate. But the action was tried the last of February. It appears to us, as we doubt not it did to the court below, that the season was too far advanced to give sufficient time to advertise and sell farm lands to advantage that spring. We think, therefore, that the court wisely ordered that they should be leased for the cropping season of that year, and the rent, with the other personal property, be applied toward the payment of the debts.

In our opinion the judgment of the court below should be

AFFIRMED.